### BERRY v. KISSICK et al.
### No. 3.

District Court, W. D. Louisiana,
Shreveport Division.

April 11, 1939.

Stephens & Stephens, of Coushatta, La., and H. B. Barret, of Shreveport, La., for plaintiff.

H. W. Bethard, Jr., of Coushatta, La., and Harry V. Booth, of Shreveport, La., for defendants.

DAWKINS, District Judge.

Plaintiff, a citizen of this State, brought the present suit in the State court under the Workmen's Compensation Law of Louisiana. Act La. No. 20 of 1914. The defendants were his immediate employer, M. J. Kissick, likewise a citizen of Louisiana,

T. G. Shaw and T. G. Shaw Oil Corporation, citizens of Texas, and his demand is based upon injuries alleged to have been received on August 27, 1937, while working on an oil derrick.

Defendant Kissick denied the extent of the injuries claimed by plaintiff but alleged the latter had been paid certain sums in satisfaction of his claims by the Mutual Benefit Health and Accident Association of Omaha, Nebraska; that at the time of his employment, plaintiff had elected not to come under the Workmen's Compensation Law of Louisiana, and accordingly signed a declaration to that effect, dated August 23, 1937, and for which reason Kissick could not be held liable under said statute, and that the plaintiff, in lieu of rights under the employment statute, agreed to and did accept the benefits provided by a policy of accident insurance issued by said Mutual Benefit Health and Accident Association; that while plaintiff was being treated for his injuries in a sanitarium in the City of Shreveport, agents of the said Insurance Company approached and compromised the claim with him for the sum of $500, which was in full and complete settlement, and in addition, this defendant became responsible for and paid fees of physicians and other expenses to the extent of $375.

In the alternative, Kissick averred that if the waiver of benefits under the Workmen's Compensation Law and the compromise should be found ineffective, entitling him to recover according to the demands of his petition, then the agents and representatives of the said Insurance Company had represented to Kissick that said policy of insurance covered and protected him fully against any claims for accidental injury to his employees under the Workmen's Compensation Law; that said representations, "under the circumstances" had the force and effect of warranties, because of the superior knowledge of the said Insurance Company of such matters, and it is bound to protect this defendant against liability to said employee; that said Insurance Company further represented to Kissick that said compromise settlement would serve as a "complete bar to any and all actions at law and especially the Workmen's Compensation Law of Louisiana, that plaintiff might have against your respondents because and on account of the aforesaid injury . * * *, and thereby your respondent was induced to agree and consent to said compromise agreement * * * and to surrender said policy" to the said Insurance Company; that this respondent acted in good faith at the time but he now believes the said insurer acted fraudulently to escape liability, in inducing him, Kissick, to enter into said settlement. Further, in the alternative, that the said Insurance Company and its agents induced the plaintiff not to come under said Workmen's Compensation Law, and represented to both plaintiff and this respondent, that said "signed election was effective immediately", all of which was fraudulently done to induce the acceptance of its said policy, and to pay the premium thereon; and because of said Company's superior knowledge in matters of insurance, plaintiff and respondent believed the representations of said Company; that respondent purchased said policy solely upon said representations and but for which he would not have taken it and would have secured adequate and effective insurance. otherwise. Other details are averred to show the alleged fraudulent conduct of the said Insurance Company, and respondent finally avers that the said Company, because of the circumstances, became a general insurer of his employees under the Workmen's Compensation Law of the State, and is bound in solido with respondent for whatever sum may be recovered by the plaintiff.

Further, in the alternative, if it should be found that the waiver of benefits under the Workmen's Compensation Law was ineffective, then the said Insurance Company had attempted to settle and compromise said claim at a time when the extent of plaintiff's injuries could "not be predicted with accuracy", and the said Insurance Company, because of its superior knowledge, had committed a fraud against respondent and the plaintiff, for which reasons said agreement and compromise should be set aside, and if judgment is rendered against respondent, then in turn, he should recover for a like amount against said Company. It is further averred that said policy of insurance was taken up by said Company at the time of settlement and is still in its possession.

The prayer of the answer was in accordance with its averments, and in addition, called the said Mutual Benefit Health and Accident Association in warranty to respond to whatever judgment might be rendered against Kissick.

After the filing of the answer and call in warranty by Kissick, the plaintiff Berry filed in the State Court an amended petition, in which he alleged that if the charges of fraud against said Insurance Company were sustained, and it was liable as an insurer under the Workmen's Compensation Law, then plaintiff was entitled to recover one and one-half times the amount of his compensation and other claims, as well as 20% attorneys fees under the State law. He prayed for service of the amendment upon the defendants, as well as the said Mutual Benefit Health and Accident Association, and for judgment in accordance with the allegations of the original petition, if it should be found that the said Association is liable, including the penalty of one and one-half times the amount otherwise due under the Workmen's Compensation Law, since the settlement was made without the approval of the court.

The Insurance Company applied for and obtained an order of removal to this court.

Plaintiff has moved to remand the case to the State court for the reason, as he contends, there is no separable controversy which can be wholly determined between him and the said Insurance Company without the presence of Kissick, who is also a resident of this State.

While it is true that the demands are made in the alternative, both by Kissick and the plaintiff in his amended petition, the suit is under the Workmen's Compensation Law, and of course, if it applies, the settlement could not be made without the approval of the State court. In view of the allegations of Kissick's answer and call in warranty, both he and the Insurance Company are vitally interested in having the contention sustained that the State law was waived as against plaintiff's demands that he be paid according to its provisions. If the settlement was ineffective, and the insurance was for the benefit of the plaintiff, within the purview of the Compensation Law, then he would have had the right to join that Company with Kissick, with the result that it could not be removed since the latter and the plaintiff were citizens of the same State. Again, if in the alternative, it becomes necessary to try the issue of alleged fraudulent practices of the Insurance Company in attempting the settlement, then plaintiff is an indispensable party thereto. In view of all these circumstances, I do not think there is a separable controversy between either the plaintiff and the Insurance Company or between it and Kissick, which could be wholly determined without the presence of one or the other residents of the same State on opposing sides.

For the reasons assigned, I think the case should be remanded to the State Court.

Proper decree should be presented.