# Richmond

KINGAN, INCORPORATED v. CITY OF RICHMOND.

March 11, 1957.

Record No. 4617.

Present, All the Justices.

The opinion states the case.

*Frederick T. Gray* (*Williams, Mullen, Pollard & Rogers*, on brief), for the plaintiff in error.

*John P. McGuire, Jr., Assistant City Attorney* (*J. E. Drinard, City Attorney*, on brief), for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

Kingan, Incorporated filed a petition in the trial court seeking the correction of a tax assessment which had been placed against the company by the City of Richmond on December 30, 1953 for an ad-

ditional wholesale merchants' license tax for the year 1950.

The trial court entered an order holding that petitioner was not entitled to the relief prayed for upon the ground that Chapter 303 of the Acts of the General Assembly of 1948, which admittedly authorized the relief requested, was violative of § 52 of the Constitution of Virginia because of the insufficiency of its title and was therefore void. From this we granted petitioner an appeal.

While four assignments of error were filed, in our view the sole question for decision is whether the title of the chapter fails to satisfy the requirements of § 52 of the Constitution.[1]

It is conceded that the two places of manufacture operated at different locations by Kingan, Incorporated within the City of Richmond fully met the requirements for the benefit afforded by Chapter 303 of the Acts of 1948 (Code, § 58-317.1) and the company is entitled to the relief prayed for provided the act is constitutional.

It will be noted that the object of the act[2] is to make the term "place of manufacture" mean not only the actual site of manufacture but also to include another manufacturing site in the same city or

[1] "§ 52. LAW SHALL EMBRACE BUT ONE OBJECT WHICH SHALL BE EXPRESSED IN ITS TITLE; HOW LAWS REVIVED OR AMENDED.—No law shall embrace more than one object which shall be expressed in its title; nor shall any law be revived or amended with reference to its title; but the act revived or the section amended shall be re-enacted and published at length."

[2] "ACTS OF 1948—CHAPTER 303
"An ACT to amend the Tax Code of Virginia by adding a section, numbered 188-b, to define the words 'place of manufacture'.
"Approved March 17, 1948.
"Be it enacted by the General Assembly of Virginia:
"1. That the Tax Code of Virginia be amended by adding a section numbered one hundred eighty-eight-b, as follows:
"Section 188-b. DEFINITION OF PLACE OF MANUFACTURE.—A manufacturer in any county or city in this State, who has two or more places of manufacture in the same county or city in this State, may transfer goods, wares and merchandise manufactured at one or more of such places of manufacture to another or other places of manufacture operated by the same manufacturer in the same county or city, for sale at wholesale at such last-named place or places of manufacture, without thereby becoming liable to a wholesale merchants' license tax measured by the value of such goods, wares and merchandise so transferred; but this section shall not apply to any place of manufacture to which such transfers are made, unless at that place of manufacture goods, wares and merchandise are normally manufactured of a value at least equal to thirty-three and one-third per cent of the value of the goods, wares and merchandise so transferred.
"In computing capital for the purpose of State taxation, no exclusions shall be made or deductions taken on account of the business which is exempted from wholesale merchants' license taxation by this section.
"2. This section shall be in force on and after January first, nineteen hundred forty-nine."

county operated by the same manufacturer as to goods transferred to the other plant so long as the value of the goods manufactured at the latter plant equals one-third of the value of the goods transferred thereto.

The city contends (as held by the trial court) that Chapter 303 of the Acts of 1948 does not *define* the words "place of manufacture" which the title states was the purpose of the act.

With this we do not agree.

It is true that the chapter does not write a definition of the term "place of manufacture" in concise words. It does, however, fix and establish the limits of the term as used in the Tax Code, and the purpose of the act, as stated, was to amend the Tax Code "by adding a section, numbered 188-b, to define the words 'place of manufacture' ".

A term can be defined without a technical definition. It can be defined by description. Here the term "place of manufacture" as used in the Tax Code is plainly described, that is, the act says in effect that two places of manufacture become as one if other requirements in the act are met.

Acts of the General Assembly are presumed to be constitutional both as to title and text. *Good* v. *Commonwealth,* 155 Va. 996, 1000, 154 S. E. 477.

The title of the act in question plainly shows with what it is dealing and should be held to be sufficient where it fairly identifies and is in furtherance of the object expressed therein. The provision of the Constitution is to be liberally construed so as to uphold the law if practicable. All that is required is that the subjects embraced in the statute but not specified in the title are congruous and have natural connection with or are germane to the subject in the title. As we have many times said, the object of the constitutional provision is to prevent the members of the legislature and the people from being misled by the title to a law. Its purpose is to prevent the use of deceptive titles as a cover to vicious legislation and the practice of bringing together for corrupt purposes subjects diverse and dissimilar in their nature and having no necessary connection with each other, and for the prevention of fraud in legislation by means of provisions in bills of which the title gives no intimation. *Commonwealth* v. *Brown,* 91 Va. 762, 771, 774, 21 S. E. 357. See also Annotations, Code, 1950, Constitution of Virginia, § 52, p. 462, *et seq.;* 1956 Cum. Supp., Code, 1950, Constitution of Virginia, § 52, p. 137.

We are here dealing with "An Act to amend the Tax Code of Vir-

ginia by adding a section, numbered 188-b, to define the words 'place of manufacture' ". Clearly this title pin-points by description the object and purpose of the legislation, and no one could be misled by it.

For the reasons stated we are of the opinion that the order complained of be reversed and the petitioner granted the relief prayed for.

*Reversed and final judgment.*