# Richmond

## John Doe v. Thomas Preston Brown.

April 23, 1962.

Record No. 5405.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, l'Anson and Carrico, JJ.

*W. F. Hazen* (*Taylor, Hazen & Laster*, on brief), for the plaintiff in error.

*J. Frank Shepherd* (*Paul Whitehead*, on brief), for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

This is an appeal on behalf of an unknown uninsured motorist, denominated as John Doe pursuant to the statute, from a judgment in the amount of $14,000 entered against him on a jury's verdict in favor of the plaintiff, Thomas Preston Brown, who was injured as a result of the alleged negligence of an unknown operator of a motor vehicle while he was riding as a guest in an automobile operated by Edward Eugene Grubbs, a co-defendant. Judgment was entered for Grubbs and he is not a party to this appeal.

The motion for judgment was instituted under the "Uninsured Motorist Law," Code, 1960 Cum. Supp., § 38.1-381, as amended, the pertinent parts of which are set out in the footnote below.[1]

---

[1] "(b) Nor shall any such policy or contract be so issued or delivered unless it

There was a demurrer on behalf of John Doe on the following grounds:

(1) That Code § 38.1-381 violates Article 1, § 11, of the Constitution of Virginia and the Fourteenth Amendment to the Constitution of the United States in that it does not provide for proper notice to him, and he is thus not afforded "due process of law;"

(2) That § 38.1-381 violates § 52 of the Constitution of Virginia in that it embraces more than one object and its title is misleading; and

(3) That the motion for judgment fails to allege that the plaintiff gave notice of the accident within five days, or that he was reasonably unable to do so, to the Division of Motor Vehicles pursuant to the requirement of § 38.1-381(d).

Before argument was heard on the demurrer, John Doe moved for a summary judgment on the grounds that the motion for judgment failed to allege (1) that there was physical contact between the

---

contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46.1-1(8), as amended from time to time, of the Code herein. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident* * *.

"(c) * * * the term '*insured*' as used in subsections (b), (d) * * * and (g) hereof, means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above * * *. A motor vehicle shall be deemed to be uninsured if the owner or operator thereof be unknown; provided that recovery under the endorsement or provisions shall be subject to the conditions hereinafter set forth.

"(d) If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, the insured or someone on his behalf, in order for the insured to recover under the endorsement, shall report the accident as required by § 46.1-400, unless such insured is reasonably unable to do so, in which event the insured shall make such report as soon as reasonably practicable under the circumstances.

"(e) If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as "John Doe" and service of process may be made by delivery of a copy of the motion for judgment or other pleadings to the clerk of the court in which the action is brought and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company shall have the right to file pleadings and take other action allowable by law in the name of John Doe.
* * * * *

"(g) No such endorsement or provisions shall contain any provision requiring * * * anything * * * except the establishment of legal liability * * *."

"John Doe automobile" and the "insured automobile;" (2) that the plaintiff or someone in his behalf had reported the accident within five days, or as soon as reasonably practicable, to the Division of Motor Vehicles; and (3) that the plaintiff had not filed with the insurance company within thirty days after the accident a statement under oath that he had a cause of action arising out of such accident against a person whose identity was unascertainable. John Doe contended that under the endorsement on the United States Fidelity and Guaranty Company insurance policy, which was filed as an exhibit with the grounds of defense, the allegations were necessary as a prerequisite to the maintenance of this action.

In overruling the demurrer and motion for summary judgment the trial court held that it was not necessary to allege that notice of the accident had been given to the Division of Motor Vehicles and the insurance company, or that there was contact between the "John Doe automobile" and the "insured automobile," since the only issue in this action was the establishment of legal liability against John Doe.

John Doe contends in his assignment of error that the court erred in: (1) not sustaining the demurrer; (2) overruling the motion for summary judgment; (3) not setting aside the jury's verdict on the ground that it was excessive; (4) granting certain instructions; and (5) overruling his motion for a new trial on the ground of after-discovered evidence.

The undisputed evidence shows that the plaintiff was injured on the night of March 18, 1959, while riding as a guest in an automobile operated by Edward Eugene Grubbs in a northerly direction on Washington street in the city of Lynchburg when an automobile operated by an unknown person traveling south in the wrong lane, to the left of the center line of the street, and with its headlights on high beam, caused the automobile in which the plaintiff was a guest to collide with a parked automobile.

There was also testimony from a police officer, who arrived at the scene of the accident two or three minutes after it occurred, that both the plaintiff and Grubbs told him that an unknown operator of another car caused the accident.

Immediately after the accident occurred the plaintiff was admitted to a hospital where he was examined and released with instructions to report back the next morning. After examination the next morning he was admitted to the hospital with a diagnosis of a brain concussion. For a short period during his seven-day stay at the hospital he

suffered from a loss of memory. Since his discharge from the hospital he has suffered from dizziness, headaches, temporal arteritis and neuritis, and has been unable to follow his usual occupation as a construction worker. Surgery was scheduled to be performed on him within a week after the trial in the court below on the 9th day of December, 1960, in an effort to improve his condition, but it would result in the entire right side of his head becoming permanently numb to sensation.

The specific questions involved on this appeal have not heretofore been before this Court for decision. For an excellent and exhaustive article on "Uninsured Motorist Coverage in Virginia," by Collins Denny, III, see 47 Va. L. Rev., p. 145. Also for comment on "Virginia Takes New Approach to Uninsured Motorist," see 16 Wash. & Lee L. Rev., p. 134.

The contention that the demurrer should have been sustained on the ground that the statute is unconstitutional because the provision for service of process on John Doe denies him due process of law is without merit.

It is universally recognized that "due process of law" requires that a person be given notice and a reasonable opportunity to be heard before an impartial tribunal before any binding decree or order may be entered affecting his right to liberty or property. But this does not mean that the legislature in its discretion may not prescribe the kind of notice and the manner in which it shall be given if it is reasonable under all the circumstances and affords the party affected a reasonable opportunity to be heard. *Violett* v. *City Council of Alexandria*, 92 Va. 561, 567, 570, 23 S. E. 909, 912, 53 Am. St. Rep. 825, 31 L. R. A. 382; *Ward Co.* v. *Henderson-White Co.*, 107 Va. 626, 630, 631, 635, 59 S. E. 476, 478, 480; *A. S. White & Co.* v. *Jordan*, 124 Va. 465, 466-471, 98 S. E. 24.

A state, under its police power, may adopt a statute providing for constructive service of process on a nonresident causing injuries on its highways, and there is no denial of "due process of law" if it contains a reasonable provision for notice to the defendant and affords him a reasonable opportunity to be heard. *Carroll* v. *Hutchinson*, 172 Va. 43, 49, 200 S. E. 644, 646.

The statute, § 38.1-381(e), provides a substituted method of service of process on John Doe by requiring the delivery of a copy of the plaintiff's motion for judgment to the clerk of the court in which the action is brought, and service of a copy on the insurance company issuing the policy covering an insured for damages sustained by the

alleged negligence of an unknown motorist is made as prescribed by law as though the insurance company were a party defendant. The insurance company is given the right to file pleadings and take other actions allowable by law in the name of John Doe.

The defendant John Doe is a fictitious person created under the provisions of the statute to stand in the place of the unknown motorist. John Doe is not a person, but for the purpose of this proceeding speaks through the insurance company. The insurance company, which is the party ultimately liable under the provisions of its policy for payment of a judgment obtained against John Doe, § 38.1-381(b), speaks and defends the action through and in the name of John Doe. Since John Doe is afforded the opportunity to defend the action through the insurance company, he has not been denied due process of law.

■ Moreover, the insurance company issued its policy in accordance with the statute, § 38.1-381(b), which requires all automobile bodily injury liability and property damage liability insurance policies to contain an endorsement or provisions undertaking to pay to the *insured*, within certain prescribed limits, all sums which he shall be legally entitled to recover for bodily injury and property damage from the owner or operator of an uninsured motorist vehicle; and under the provisions of the statute, § 38.1-381(c), and the endorsement on the policy the plaintiff is an *insured* covered by the policy. By accepting the risk under this coverage the insurance company received an additional premium from the named insured and became entitled to share in the uninsured motorist fund created by statute requiring all persons registering an uninsured motor vehicle to pay each year a fee of $15 (since March 15, 1960, the effective date of the 1960 amendment, a fee of $20). See §§ 12-65 and 12-66, Code of 1950, as amended, 1956 Replacement Volume, 1960 Cum. Supp., and § 46.1-167.1, Code of 1950, as amended, 1958 Replacement Volume, 1960 Cum. Supp.

To permit the insurance company, which is allowed to file pleadings and have control over the proceedings through John Doe, to escape liability on the constitutional ground asserted would allow it to escape a risk which it has accepted, under the requirement of § 38.1-381(b), and to become unjustly enriched. See *Matthews* v. *Allstate Insurance Co.*, 194 F. Supp. 459, 467 (D.C.E.D. Va., 1961).

■ As a second ground for contending that the demurrer should have been sustained, it is said that Code § 38.1-381 violates § 52 of the Constitution of Virginia in that it deals with more than one object and its title is misleading.

The title of Chapter 282, Acts of Assembly of 1958, p. 336, reads as follows:

*"An Act to amend and reenact § 38.1-381, as amended, of the Code of Virginia, relating to required coverage in motor vehicle bodily injury or property damage liability insurance contracts or policies, and matters relating thereto."*

We have said many times that the purpose of § 52 of the Constitution is to prevent the employment of deceptive titles which would conceal rather than reveal the character of the legislation; to prohibit the bringing together into one bill subjects which are diverse and dissimilar and have no kindred connections; and to prevent surprise or fraud in legislation by giving it a title which gives no intimation of what the act contains. But the provision was not intended to block honest legislation and to require its title to be as complete as the act itself. *Vending Corporation* v. *Board of Pharmacy*, 195 Va. 626, 630, 79 S. E. 2d 636, 638, 639; *Carroll* v. *Hutchinson, supra*, 172 Va. at pp. 51, 52, 200 S. E. at pp. 647, 648; *Kingan, Inc.* v. *City of Richmond*, 198 Va. 820, 822, 97 S. E. 2d 11, 13, 14.

It must be remembered that acts of the General Assembly are presumed to be constitutionally enacted both as to title and text. *Good* v. *Commonwealth*, 155 Va. 996, 1000, 154 S. E. 477, 478.

In *Fidelity Insurance Co.* v. *S. V. R. R. Co.*, 86 Va. 1, 6, 9 S. E. 759, 761, we said that, "When the title is general, as it may be, all persons interested are put upon inquiry as to anything in the body of the Act which is germane to the subject expressed."

The title of the act puts one on notice of the coverage required on all motor vehicle bodily injury liability and property damage liability insurance policies. The legislature in dealing with the general subject has seen fit to deal with the related subject of the precedure for enforcing a claim under the statute in the same act rather than placing it under some other title. The subject of procedure is germane to and has a kindred connection with the general object stated in the title to the act. The treatment of this subject under the general title is not misleading or apt to take anyone by surprise. It does not violate the object and spirit of the constitutional provision. See *Weiss* v. *Magnussen*, (D. C. E. D. Va.) 13 F. Supp. 948.

■ It is next contended that the demurrer should have been sustained because it is not alleged in the motion for judgment that the plaintiff, the insured under the endorsement in the policy, did within five days after the accident make a written report of it to the Division of Motor Vehicles or that he was reasonably unable to do so. There is no merit in this contention.

Code § 38.1-381(d) provides that such notice is required "in order for the insured to recover under the endorsement" in the insurance policy. This is not an action arising *ex contractu* to recover against the insurance company on its endorsement. The insurance company is not a named party defendant and judgment cannot be entered against it in this action. This is an action *ex delicto*, since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any. This conclusion is strengthened by the language used in § 38.1-381(g), which reads: "* * * nor may anything be required of the insured [plaintiff] except the establishment of legal liability * * *." Notice of the accident to the Division of Motor Vehicles is not required in this action against John Doe. Hence an allegation in the motion for judgment that notice of the accident had been given to the Division of Motor Vehicles, or that the plaintiff was reasonably unable to do so, was not a prerequisite to maintaining this action against the defendant, John Doe.

Our holding in *Creteau* v. *Phoenix Assurance Co.*, 202 Va. 641, 643, 644, 119 S. E. 2d 336, 339, has no application to the present case. There we held, in an action against the *insurance company* to collect on a judgment obtained against an uninsured motorist, that the provision in the statute, § 38.1-381(e)(1), requiring service on the insurance company of a copy of the process against the owner or operator of an uninsured motor vehicle "is mandatory and establishes a condition precedent to the benefits of the statute unless waived by the insurance company." See also *State Farm Mutual* v. *Duncan*, 203 Va. 440, 444, 125 S. E. 2d 154, 157, this day decided.

The defendant argues that the allegation in the motion for judgment, that the automobile in which the plaintiff was riding as a guest was insured by the United States Fidelity and Guaranty Company and that its policy covers damages suffered by the plaintiff (insured) through the negligence of an unknown motorist, sets out a cause of action in contract as well as in tort. We do not agree with this contention.

As has been said, this action against the unknown defendant, John Doe, is one in tort only. The allegation merely notifies the insurer that the action is instituted under the provisions of the Uninsured Motorist Law and furnishes the clerk with the name of the insurance company issuing the policy in order that process might be directed to it. Without this allegation the clerk would not know the name of the company to which process should be directed.

However, trial courts should not permit the motion for judgment to be seen by the jury or carried to their room where the jury may thus learn that the defendant, John Doe is covered by insurance.

 There is no merit in the contention that the court erred in not entering summary judgment for the defendant. It is true that the endorsement on the policy, a form approved by the State Corporation Commission, requires, before recovery can be had against the insurance company on the endorsement, that there must be physical contact between the "John Doe automobile" and the "insured automobile;" and that under the endorsement notice must be given within five days after the accident to the Division of Motor Vehicles, and within thirty days to the insurance company. But the uninsured motorist statute is silent on the requirement of contact between the "John Doe automobile" and the "insured automobile" and the thirty-day notice to the insurance company. Here again, this is not a suit against the insurance company, which is not a defendant in this proceeding, to recover on the endorsement. The right of the plaintiff to bring this action to establish legal liability on the uninsured motorist and to recover damages is not given by the endorsement but by the statute, § 38.1-381(e). Hence it was not necessary that the motion for judgment in this action allege that notice had been given to the Division of Motor Vehicles and the insurance company and that there was contact between the "John Doe automobile" and the "insured automobile."

 The contention that the verdict of the jury was excessive is without merit.

There is no exact measure of monetary compensation for damages sustained in a personal injury claim, and the verdict of a jury, approved by the trial court, will not be set aside by us on the ground of excessiveness unless it is so grossly excessive and disproportionate to the injury sustained as to compel the conclusion that the jury was motivated by passion, prejudice, corruption, or by a misconception of the applicable law or facts. *Lilley* v. *Simmons*, 200 Va. 791, 797, 108 S. E. 2d 245, 249; *Phillips v. Campbell*, 200 Va. 136, 145, 104 S. E. 2d 765, 771; 5 Mich. Jur., Damages, §§ 51-54, inclusive, pp. 542-545; 25 C. J. S., Damages, § 196, p. 910; 15 Am. Jur., Damages, § 71, p. 479.

The defendant has not alleged matters that would in any way indicate that the jury was motivated by passion, prejudice or corruption. It was within the province of the jury to fix the amount of the

damages, and from a careful reading of the evidence the jury's verdict does not appear to be disproportionate to the injuries sustained.

The two instructions complained of merely told the jury the duties required of the defendant in the operation of his automobile, and we find no reversible error in the language used. The jury was fully instructed on the issues presented on behalf of the parties, and the defendant conceded that if the jury believed the plaintiff's testimony there was sufficient evidence on which to find liability on the part of John Doe.

■ There is no merit in the defendant's contention that a new trial should have been granted on the ground of after-discovered evidence.

To justify a new trial on the ground of after-discovered evidence, it must appear that the evidence (1) has been discovered since the trial; (2) is material and such as on another trial ought to produce opposite results on the merits; (3) is not merely cumulative or corroborative or collateral; (4) could not have been discovered before the trial by the use of due diligence, and such as can be produced at another trial; and (5) goes to the merits of the case and not merely to impeach the character of a former witness. Burks Pleading and Practice, 4th ed., Motions After Verdict, § 324, p. 602, and the many cases there cited in the footnotes.

The defendant filed two affidavits in support of his motion for a new trial approximately six weeks after the trial of the case in the court below, and twenty months after the date of the accident. One affiant, Thomas Parrish, was walking along Church street near its intersection with Washington street. He did not see the accident because he was nearly three blocks away from the scene. He was not in a position to see the automobiles involved at the time it happened or to say that there was no "John Doe automobile."

The statement of the other affiant, a claim adjuster for United States Fidelity and Guaranty Company, does not show that Parrish could not have been produced as a witness at the time of the trial if due diligence had been used to locate him.

Upon considering the evidence introduced at the trial and the affidavits, we agree with the trial judge that John Doe has not brought himself within the requirements of the rule for a new trial on the ground of after-discovered evidence.

For the reasons stated, the judgment of the court below is

*Affirmed.*