Cecelia ORLIKOWSKI, Administratrix of the Estate of Eugene Joseph Orlikowski, deceased, Plaintiff,

v.

William T. MEARNS, Defendant.

Dennis ORLIKOWSKI, an infant under the age of 21 years, who sues by Cecelia Orlikowski, his mother and next friend, Plaintiff,

v.

William T. MEARNS, Defendant.

Cecelia ORLIKOWSKI, Plaintiff,

v.

William T. MEARNS, Defendant.

Civ. A. Nos. 4088–4090.

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 28, 1962.

Bangel, Bangel & Bangel (Stanley J. Bangel and L. David Lindauer), Portsmouth, Va., for plaintiff.

Preston & Preston (John B. Preston) Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

These actions were instituted in the Court of Hustings for the City of Portsmouth. The defendant is an uninsured motorist and, under Virginia law, service was had upon the defendant and State Farm Mutual Insurance Company; the latter being the liability insurance carrier covering the automobile operated by Cecelia Orlikowski, in which vehicle the deceased, Eugene Joseph Orlikowski, and a plaintiff, Dennis Orlikowski, were riding. Plaintiffs are citizens of Virginia; the defendant Mearns is a citizen of Ohio; the State Farm Mutual Insurance Company is a foreign corporation organized and existing under the laws of the State of Illinois. The requisite amount in controversy and diversity of citizenship are not in dispute.

State Farm Mutual Insurance Company, proceeding under its own name, filed a petition for removal of the actions. The defendant Mearns did not join in the removal and, perhaps for ethical reasons as well as its right to take a judgment

over against Mearns in the event of a required payment, the insurance carrier did not elect to file the petition for removal in the name of Mearns.

Plaintiffs have filed petitions to remand alleging (1) the insurance carrier is not a party in interest "properly joined and served as a defendant," (2) the right of removal is restricted to a named defendant, (3) the petition for removal must be filed within 20 days from the receipt of process by the named defendant, and (4) all parties must join in the removal.

■ Without passing upon the first three points raised by plaintiffs, it is clear that the cases must be remanded due to the failure of all parties to join in the removal. *Assuming arguendo* that the insurance carrier is a defendant within the meaning of the Virginia Uninsured Motorist statute, Code of Virginia, 1950, as amended, § 38.1–381, and *assuming* also that said insurance carrier is a defendant within the meaning of 28 U.S.C.A. § 1441, there is no independent and separate claim or cause of action which permits a removal by the insurance carrier in the absence of a like petition by the named defendant Mearns.

The uninsured motorist statute provides, in part, as follows (§ 38.1–381(e)(1)):

> "Any insured intending to rely on the coverage required by paragraph (b) of this section shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; provided, however, that nothing in this paragraph shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own in-

terest in connection with such proceeding."

From the foregoing there is every indication that the insurance carrier, through its counsel, could have filed a petition for removal in the name of the defendant Mearns. But when the insurance carrier elected to proceed in its own name, it is placed in the unusual position of claiming to be a defendant in the action under its interpretation of the Virginia statute and, at the same time, denying that Mearns is a defendant for the purpose of removal. This it cannot do.

■ In Doe v. Brown, 203 Va. 508, 125 S.E.2d 159, the Supreme Court of Appeals of Virginia declared that an action brought by an insured against an uninsured motorist, although perhaps primarily for the purpose of establishing the insurer's contractual liability, is purely an action *ex delicto*. Even if the tort claim against the uninsured motorist could be said to have been asserted against the insurer, by reason of its vital interest in the outcome, the cause of action is neither "separate" nor "independent" from that against the uninsured tortfeasor. These actions could not have been instituted against the insurance carrier as a named defendant because of the provisions of § 8–96 of the Code of Virginia, 1950, as amended. Moreover, Virginia does not permit the joinder of tort and contract actions. Even where the law permits the joinder of the insurer with the tortfeasor, it has been held that the cause of action was joint, but not separate and independent. Behling v. Rivers, D.C., 74 F.Supp. 350; Berry v. Kissick, D.C., 28 F.Supp. 943; see Annotation, 19 A.L.R.(2d) 748.

■ It is fundamental that the removal statutes require all defendants to join in the petition for removal, unless there exists a "separate and independent claim or cause of action." Chicago, Rock Island & Pacific Rwy. Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055; Gableman v. Peoria, Decatur & Evansville Rwy. Co., 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220; Peter Hold-

ing Co. v. LeRoy Foods, D.C., 107 F.Supp. 56; State Auto Ins. Co. v. Kooiman, D. C., 143 F.Supp. 614, 621. Cf. White v. Baltic Conveyor Co., D.C.N.J., 209 F. Supp. 716.

Since the named defendant Mearns is not a party to the petition for removal and as there is no separate and independent claim or cause of action even if we were to *assume* that the insurance carrier is a defendant, these actions must be remanded to the state court because of the failure of all defendants to join in the removal. The court does not, by this opinion, hold that the insurance carrier is a defendant for any purpose of removal, but if it should be so construed, it is then necessary for all defendants to join.

Orders remanding these cases have this day been entered.