## Richmond

WALTER WILLIE RODGERS, JOHN DOE AND AETNA INSURANCE COM-
PANY v. EDWARD F. DANKO.

March 4, 1963.

Record No. 5527.

Present, All the Justices.

The opinion states the case.

*E. L. Ryan, Jr.* (*White, Ryan and Reynolds,* on brief), for the plaintiffs in error.

*M. T. Bohannon, Jr.* and *R. L. Bohannon* (*Herbert and Bohannon,* on brief), for the defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

In the lower court Edward F. Danko recovered a judgment of $2,000 against Lonnie Graham, Walter Willie Rodgers and John Doe, the last-named being an unknown motorist, for damages for personal injuries sustained in an automobile collision. As a result of the same accident, in a separate action, Ronald Campana recovered a judgment of $6,000 against Graham and Rodgers. A writ of error was granted to each of the defendants. In a previous opinion we have affirmed the judgments against Graham in the two cases. *Graham* v. *Danko,* Record No. 5526, and *Graham* v. *Campana,* Record No. 5529, *ante,* page 135.

In the present opinion we are concerned with the liability of Rodgers and Doe to Danko and a collateral question raised by Aetna Insurance Company, on which a copy of the process in each case was served. By a stipulation of the parties it is agreed that the outcome of this appeal will determine the outcome of the Campana appeal and the similar question raised by the Insurance Company in that case.

The Aetna Insurance Company had issued a policy of insurance covering the car owned and operated by Eugene T. Nobriga, in which Danko and Campana were riding as passengers at the time of the collision. While the motions for judgment did not so allege (Cf. *Doe* v. *Brown,* 203 Va. 508, 515, 125 S. E. 2d 159, 165), the briefs say that process was served on the Insurance Company because each plaintiff claimed that Rodgers and Doe were "uninsured motorists" within the meaning of Code, § 38.1-381, as amended, and that pursuant to that statute each plaintiff was entitled to recover of the Insurance Company the damages suffered by him as the result of the negligence of the uninsured motorists.

In each case the Insurance Company filed a plea in abatement and motion to quash the process, alleging that its policy covering the Nobriga car was issued in the State of New York; that in express terms it limited the uninsured motorist coverage to "accidents which occur within the State of New York;" and that hence it did not afford such coverage for the accident here involved which occurred in the State of Virginia.

After hearing the evidence relevant to this issue the lower court

filed a written opinion holding that the provision in the policy limiting the uninsured motorist coverage to accidents which occur within the State of New York was in conflict with the provisions of the Virginia statute (Code, § 38.1-381, as amended) and void, and that under the terms of the latter statute the policy afforded such coverage for this accident which occurred in the State of Virginia. Accordingly, it entered an order overruling the plea and motion to quash in each case, to which the Insurance Company excepted.

Thereafter each case proceeded to trial and resulted, as stated, in a verdict and judgment in favor of the plaintiff against the drivers of the respective vehicles involved in the collision, other than Nobriga. After the verdict in each case the Insurance Company made a motion to sustain its plea in abatement and motion to quash, which was overruled. However, no judgment was entered in either case allowing the plaintiff to recover against the Insurance Company.

In their assignments of error Rodgers and Doe challenge the sufficiency of the evidence to sustain the verdict and judgment rendered against them. However, in their briefs these assignments are abandoned and their liability is not contested on this appeal.

Although, as has been said, no judgment was entered allowing a recovery by the plaintiff against the Insurance Company, it has joined in the petition for a writ of error filed by Rodgers and Doe, assigning as error the action of the lower court in refusing to sustain its plea in abatement and motion to quash. It contends, as it did in the lower court, that the uninsured motorist coverage in its policy is limited to an accident which occurs in the State of New York and does not afford coverage for this accident which occurred in Virginia. To review that question we granted the Insurance Company a writ of error.

While the appellee, Danko, has not raised the question, it is plain that the issue of the insurance coverage is not properly before us on this appeal. In the first place, there is no final order or judgment affecting the rights of the Insurance Company. Neither the order of the lower court overruling the plea in abatement and motion to quash, nor its later order adhering to that ruling, is a final order. Hence a writ of error will lie to neither order. Code, § 8-462; Burks Pleading and Practice, 4th Ed., § 417, p. 810; 1 Mich. Jur., Appeal and Error, § 72, p. 530 ff; *Bibber* v. *McCreary*, 194 Va. 394, 395, 73 S. E. 2d 382, 383.

In the next place, the issue of the coverage afforded by the

policy has no place in the present proceeding. This was settled in *Doe* v. *Brown, supra,* where we said of a similar situation: "This is not an action arising *ex contractu* to recover against the insurance company on its endorsement. *The insurance company is not a named party defendant and judgment cannot be entered against it in this action.* This is an action *ex delicto,* since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any." (Emphasis added.) 203 Va., at page 515, 125 S. E. 2d, at page 164. See also, 47 Va. Law Review, pp. 168-170; 48 Va. Law Review, pp. 1187-1189.

Since no judgment has been entered in this action for a recovery by the plaintiff against the Insurance Company we are not at this stage of the litigation concerned with the coverage afforded by the policy. That issue may be decided in an action *ex contractu* brought on the policy by the interested judgment plaintiff, or in a declaratory judgment proceeding to determine the rights of the parties.

Rodgers and Doe having abandoned their assignments of error challenging the sufficiency of the evidence to sustain the judgment rendered against them in favor of Danko, that judgment is affirmed.

The writ of error granted Aetna Insurance Company, in each case, having been improvidently awarded, is dismissed without prejudice to the right of that appellant to have determined, in a proper proceeding, its liability under its policy to the appellees, Danko and Campana, respectively.

*It is so ordered.*