## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Margarette G. Howell

v.

John Doe

September 27, 1967

Case No. A-9625

By JUDGE ALEX H. SANDS, JR.

Plaintiff, according to the allegations in the motion for judgment herein, a passenger in an automobile insured by Maryland Casualty Company, was in collision with a vehicle operated by an unknown motorist in Washington, D. C., on May 2, 1965. Plaintiff alleges that at the time of the collision she was covered not only by the "uninsured motorist endorsement" of the policy on the vehicle in which she was riding but also under a similar endorsement of another policy issued by State Farm Mutual Insurance Company.

Plaintiff instituted suit against the unknown motorist in the name of John Doe and served copies of the motion for judgment upon the registered agent of Maryland Casualty Company in Richmond and the registered agent of State Farm in Charlottesville, Virginia, pursuant to the provisions of sec. 38.1-381 of the Code of Virginia of 1950, as amended.

Each insurance company has filed a plea in abatement and motion to quash and the matter is now before the Court upon such pleas and motions.

The sole issue involved is whether or not venue can be had in Richmond or whether it lies only in D. C. where the collision occurred.

## Position of Companies

The interested companies, Maryland and State Farm, have filed as an exhibit with their respective pleas a photostatic copy of the accident report on file with the Metropolitan Police Department, Washington, D. C., which shows upon its face the locus of the collision to have been within the District of Columbia and that the unidentified vehicle bore Maryland tags. The pleadings to date do not reflect either the identity or residence of the driver.

It is the position of both Maryland and State Farm that while there is admittedly no duty upon the plaintiff to establish the identity of the uninsured motorist that if the companies can bear the burden of themselves establishing by proper evidence the identity and residence of the uninsured motorist then venue can be had only (1) where the accident occurred, or (2) where the uninsured motorist lives and that they, the companies, should be permitted the opportunity of introducing evidence upon the pleas to establish such identity of the driver and that the residence is in Maryland.

## Position of Plaintiff

Plaintiff bases her claim upon the case of *Hodgson v. Doe*, 203 Va. 938 (1962), which, she contends, validates her claim that venue is properly laid where the registered agent or agents of the companies reside.

## Consideration of Pleas and Motions

In *Hodgson v. Doe*, plaintiff was injured when her vehicle collided with an unidentified vehicle in Sullivan County, Tennessee. She instituted suit in the form of a John Doe proceeding in the Corporation Court of the City of Bristol, Virginia, serving the motion upon the Clerk of that Court in compliance with Code sec. 38.1-381 and a copy of the motion upon Nationwide Mutual Insurance Company delivering it to its registered agent in Lynchburg. Nationwide filed a demurrer and a plea in abatement. The ground of the demurrer was the failure of the motion for judgment to recite compliance with sec. 38.1-381(d) relating to the filing of accident report as required by sec. 46.1-400. The basis for the plea was lack of

venue in that it was not alleged that John Doe was a resident of Bristol, Virginia. (Nationwide apparently did not rely upon the additional ground, asserted by the State Farm in the case at bar, that its statutory agent resided and maintained his office in Lynchburg rather than in Bristol.) Thus the identical plea as to venue was involved as is here under consideration, (except for the additional ground assigned by State Farm, *supra*).

The trial court sustained the demurrer but overruled the plea in abatement which was based upon lack of venue. Plaintiff appealed assigning as error the action of the trial court in sustaining the demurrer. Nationwide assigned as cross error the action of the trial court in overruling its plea in abatement. The Supreme Court reversed the ruling of the trial court sustaining the demurrer but before it could finally dispose of the appeal it had to decide the venue issue raised by Nationwide's assignment of cross error. Thus the venue issue was squarely before the Court of Appeals. The ruling of the trial judge in overruling the plea in abatement was affirmed.

The companies in the instant case attempt to distinguish *Hodgson* v. *Doe* upon two grounds. First, they argue, the expressions of the court as to the obtaining of venue through service upon the issuance carrier is but dicta because the venue issue was disposed of upon the ground that the plea failed to negative every ground of jurisdiction. I do not so read the case. It appears that the Court of Appeals found the plea of lack of venue faulty upon two grounds. From a pleading standpoint they found the plea faulty in that it failed to negative every ground of jurisdiction and to furnish the plaintiff a better writ. In addition and independently of this ground, however, the Court of Appeals held that in a John Doe action, for purposes of venue, the action should be treated as being against the insurance carrier and that venue in such cases is to be determined under the general venue statutes *as if the action against John Doe were against the insurance company itself*. Code sec. 8-38 provides that the action may be maintained against a foreign corporation in the county or city wherein the statutory agent for such corporation resides. (This concept is in no way inconsistent with *John Doe* v. *Brown*, 203 Va. 508 (1962), for the application of the concept is specifically limited to the determination of venue while *Brown* was concerned with the issues to be tried in a John Doe case.)

Secondly, the companies say that they have done here what Nationwide failed to do, i.e. affirmatively state in their pleas that John Doe was *not* a resident of Bristol at the time of institution of suit and that they are entitled to offer evidence to establish this fact which, established, would defeat plaintiff's basis of venue. It would seem that the Court's language on page 943 answers this contention:

> Since John Doe is a fictitious person and has no place of abode apart from the insurance company, and since notice of the action must be served on the insurance company which defends the action in the name of John Doe, it may reasonably be concluded, for the purpose of venue, that the action may be treated as being against the real defendant, the insurance company, and thus permit the plaintiff to have the protection for which he has paid. We hold, therefore, that the venue for John Doe action, which is not specifically fixed by the uninsured motorist law, is to be determined under the general venue statutes as if the action against John Doe were against the insurance company itself.

This language suggests that our Court of Appeals is saying that since the John Doe proceeding is entirely statutory and since the statute does not specifically provide for venue that venue is to be governed by the general venue statutes considering for this purpose, and for this purpose only, that the insurance carrier is the real party defendant.

Finally the companies say that the purpose of the venue statutes (Code secs. 8-38 through 8-42) is to provide the litigant, so far as possible, with a convenient and familiar jurisdiction for the trial of his case. This basically is true. *Dowdy* v. *Franklin*, 203 Va. 7 (1961). They reason therefore that to apply the above interpretation to the Court's ruling in *Hodgson* v. *John Doe* would defeat the purpose of the statute. They cite the example adopted by Justice Whittle in his dissenting opinion of an insurer having a statutory agent in Virginia having to defend in Virginia an action growing out of an accident occurring in Alaska with the accompanying problem of having

to bring defense witnesses from Alaska to Virginia for trial. While this hardship might result upon rare occasions, an even worse hardship might result to a plaintiff from limiting venue to the place of accident (which would be the practical effect in most cases under the companies' theory) where the state in which the accident occurred had no uninsured motorist law thus rendering unenforceable and worthless plaintiff's basic action against John Doe. This danger is aptly pointed out by Justice Buchanan in the majority opinion. (See pp. 942943).

### Venue as to State Farm

State Farm urges that whatever might be the situation as to Maryland Casualty, that as to it, no venue could be had in Richmond inasmuch as its statutory agent and office is located in Charlottesville. Were the action against State Farm, this position would be sound. We are not here concerned, however, with whether or not State Farm is properly before the Court. They have the right, but not the duty, to participate in this proceeding. We are only concerned with whether John Doe is properly before the Court and venue, *as to him*, is acquired by service upon Maryland Casualty through its statutory agent in Richmond.

If and when any action is instituted against the State Farm, this question would be properly raised. Before such time it is premature.

The pleas in abatement and motions to quash filed by the two companies will, accordingly, be overruled and dismissed.