NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Walter G. Nichols, George A. Anderson, Dorothy Hundley Anderson, Adrian Michael Wilson, Defendants.

Civ. A. No. 70-C-5.

United States District Court,
W. D. Virginia,
Danville Division.

April 30, 1970.

———◆———

Allan Garrett, Garrett, Garrett & Smith, Danville, Va., for plaintiff Nationwide.

Coleman B. Yeatts, Chatham, Va., for defendant State Farm.

Selig H. Kingoff, Danville, Va., for defendant Nichols.

George B. Anderson, Anderson & Anderson, Danville, Va., for defendant Wilson.

George A. Anderson and Dorothy Hundley Anderson, not represented by counsel.

## MOTION TO DISMISS

DALTON, Chief Judge.

On April 3, 1966, Adrian M. Wilson, while operating a 1957 Plymouth owned by Walter G. Nichols, collided with a vehicle operated by Raymond Johnson, an uninsured motorist. The Plymouth was insured by State Farm Mutual Automobile Insurance Company.

Plaintiff, Nationwide Mutual Insurance Company, seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Wilson was not a member of the household of George A. Anderson, his stepfather, and Dorothy H. Anderson, his natural mother. That finding would exclude uninsured motorist coverage by Nationwide to Wilson on its policy to George A. Anderson.

Defendant Wilson has moved for dismissal of this suit on two grounds: (1) The Court lacks jurisdiction; (2) The court should exercise its discretionary prerogative and refuse to grant the motion for a declaratory judgment.

The plaintiff's amended complaint shows that this court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. The allegations demonstrate that there is complete diversity between the parties and that the amount in controversy exceeds $10,000.00.

The second contention is that the court should dismiss this suit because of the pendency of a similar suit in the state court. In December, 1969, defendant Wilson filed a Motion for Judgment in the amount of $100,000.00 in the Circuit Court of Pittsylvania County, Virginia, against Raymond Johnson for damages sustained from the accident.

Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), held that it would be "uneconomical as well as vexatious" for a federal court to interfere by a declaratory judgment suit with another suit pending in a state court presenting the same issues. The court stated:

Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc. 316 U.S. at 491, 62 S.Ct. at 1176, 86 L. Ed at 1625.

In the present case, the court will not dismiss the suit because it is apparent that the state suit will not adjudicate the policy defenses presented by this action. The state suit is an action by Wilson to obtain judgment against Raymond Johnson for the alleged tortious injury. Nationwide may not present contractual defenses in that suit. Doe v. Brown, 203 Va. 508, 125 S.E.2d 159 (1962); Rodgers v. Danko, 204 Va. 140, 129 S.E.2d 828 (1963). In *Rodgers* the court stated:

[The] issue of the coverage afforded by the policy has no place in the present proceeding. This was settled in Doe v. Brown, *supra*, where we said of a similar situation: 'This is not an action arising *ex contractu* to recover against the insurance company on its endorsement. *The insurance company is not a named party defendant and judgment cannot be entered against it in this action.* This is an action *ex delicto*, since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any.' (emphasis added) 203 Va. at page 515, 125 S.E.2d at page 164. 204 Va. at 143, 129 S.E.2d at 830.

From the foregoing language, it is clear that the Circuit Court of Pittsylvania County is not empowered in its present suit to determine policy defenses. A declaratory judgment by this court concerning those defenses will not interfere with the present state litigation. This court has no discretionary power to dismiss the present suit.

The motion to dismiss is hereby denied.

The clerk is directed to send a certified copy of this order to counsel of record.