# CIRCUIT COURT OF THE CITY OF RICHMOND

Brown

v.

Sharp et al.

October 31, 1973

Case No. 6080

By JUDGE A. CHRISTIAN COMPTON

Enclosed is a copy of the order entered today sustaining the demurrer (treated as a motion to strike) of the third party defendant to the third party motion for judgment filed by State Farm Mutual Automobile Insurance Company.

The issue decided at the conclusion of oral argument this morning was whether in this tort action, the carrier having uninsured motorist coverage on the plaintiff's vehicle may property file, in its own name, a third party motion for judgment against the defendant's liability insurance carrier seeking to obtain a judgment over against such liability carrier for the amount of any liability that the uninsured motorist carrier incurs as the result of its policy contract with the plaintiff in connection with the plaintiff's claim against the defendant. The dispute between the insurers, of course, arises out of a coverage question between the defendant and Liberty Mutual.

The motion to strike is sustained but leave is

granted to State Farm to plead over and file another third party complaint in the name of the defendant.

Once served with process, Code § 38.1-381(e1) gives State Farm ". . . the right to file pleadings and take other action allowable by law in the name of . . . [the defendant here] . . . or in its own name; . . ." (Emphasis added) The "action" which the insurer may take is not restricted to merely tort related activity, as Liberty Mutual contends, but includes the filing of a third party complaint if such "action is allowable by law."

We look to Rule 3:10 to determine whether the third party complaint is such action permitted by law and, if it is, whether it may be filed by the insurer in its name or must it be filed in the defendant's name.

It is not disputed that there is contingent contract liability upon Liberty Mutual arising out of its policy covering the operation of the defendant's vehicle at the time of the accident sued upon. Therefore, it is ". . . a person not a party to the [tort] action who may be liable to [the defendant] for all or part of the plaintiff's claim against [the defendant] . . ." Rule 3:10(a), and the filing of a third party complaint is thus allowable by law.

However, it must be filed in the name of the individual defendant and not in State Farm's name since the right to file the complaint is based upon the contingent liability of Liberty Mutual "for all or part of the plaintiff's claim against him" and the "plaintiff's claim against him" is the tort action of Brown v. Sharp in which the one and only party defendant is Sharp, this being an action ex delicto and not one ex contractu. State Farm is not a defendant in this tort action and no judgment in such action may be obtained against it, the plaintiff not having sued State Farm in tort and not being permitted to do so under the law. John Doe v. Brown, 203 Va. 508, 515 (1962). This result obtains notwithstanding § 38.1-381(e1) provides that the insurer may take

action in its own name. Its action taken in its own name may <u>only</u> be "action allowable by law" and Rule 3:10(a) does not permit in this case a party (State Farm) which has not been sued to itself sue as a third party plaintiff.