**Paul J. ZURENDA, Plaintiff,**

v.

**Angela HOLLOMAN and Maureen E. Myer, Defendants.**

**Civ. A. No. 85–52–NN.**

United States District Court,
E.D. Virginia,
Newport News Division.

June 19, 1985.

Robert Hicks, Martin, Hicks & Ingles, Gloucester, Va., T. Jeffrey Salb, Breeden, Howard & MacMillan, Norfolk, Va., for plaintiff.

Michael J. Garnier, Jean-Pierre, Garnier, P.C., Falls Church, Va., for defendants.

## ORDER

DOUMAR, District Judge.

This case arose out of a motor vehicle accident between the plaintiff's motorcycle and a rental car operated by one defendant and leased by another defendant, both of whom are non-residents. Suit was brought in the Gloucester County Circuit Court. A joint answer was filed and subsequently the matter was removed.

A late answer was *lodged* but not filed by the plaintiff's uninsured motorist carrier, the Progressive Casualty Insurance Company, in the Gloucester County Circuit Court prior to the filing of the removal petition. This answer was first recorded as filed in this Court on April 25, 1985 at the initial pretrial conference. The uninsured motorist carrier joined in a motion to remand filed by the plaintiff. The basis for the plaintiff's motion is twofold: first, that the uninsured motorist carrier did not join in the petition to remove and therefore all defendants failed to join therein; and, second, that the counsel for the defendants was inherently in a conflict of interest situation between the lessee defendant and the driver defendant and the defense was be-

ing conducted under a reservation of rights. The insurer was denying coverage to the driver as not being the lessee or an insured driver.

The motion to remand is DENIED.

### I.

■ The removal statute, 28 U.S.C. § 1441, has been construed for years to generally require the joinder of all necessary party defendants in regard to non-separable controversies. *See Wilson v. Oswego Township*, 151 U.S. 56, 14 S.Ct. 259, 38 L.Ed. 70 (1894). The question is whether the uninsured motorist insurance carrier is a necessary party defendant to the action. This must be decided with regard to Virginia law. The relevant portion of the Virginia Uninsured Motorist statute, Va.Code Ann. § 38.1–381(el) provides as follows:

(el) Any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of his policy shall, if any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name; however, nothing in this subsection shall prevent such owner or operator from employing counsel of his own choice and taking any action in his own interest in connection with such proceeding.

This subsection shall not apply to any cause of action arising prior to April 27, 1959.

The Progressive Casualty Insurance Company was served a copy of the process *"as though* such insurance company were a party defendant" and chose to file an answer in its name. The statute, in compliance with due process, provides notice and

a means of protection to one who ultimately may be held contractually liable pursuant to its contract of insurance. It does "not make the uninsured motorist insurer a party to the tort action and we have expressly held that it is not." *Nationwide Mutual Insurance Company v. Finley,* 215 Va. 700, 701; 214 S.E.2d 129, 130 (1975), *citing Doe v. Brown,* 203 Va. 508, 515, 125 S.E.2d 159, 164 (1962). In *Doe,* the Virginia Supreme Court fended off a constitutional attack on the uninsured motorist statutes and noted:

> [J]udgment cannot be entered against [the uninsured motorist carrier] in this action. This is an action *ex delicto,* since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any.

*Doe, supra,* 125 S.E.2d at 164.

The statute makes it abundantly clear that the litigation's defense is that of the named served defendant and not that of the uninsured motorist carrier. In some jurisdictions within the State of Virginia, it has become common practice to serve the uninsured motorist carrier in every automobile accident case in the event the defendant turned up for any reason uninsured, especially for matters which might arise after institution of suit.

This Court has considered *Orlikowski v. Mearns,* 212 F.Supp. 37 (E.D.Va.1962) and *Ivory v. Nichols,* 34 F.R.D. 128 (E.D.Va. 1963) and finds that both are distinguishable from the present situation. The former case expressly did not decide whether the uninsured motorist carrier was a party defendant and made references to the differences between contract and tort actions, which are still distinguishable in Virginia. The latter is a case where the uninsured motorist did not appear or answer and the uninsured motorist carrier filed pleadings in its own name, declining to file any in the name of the defendant uninsured motorist. The Court held that under Fed.R.Civ.P. 33, the uninsured motorist carrier which had filed pleadings in its name was such a party as could be required to answer interrogatories. It did not hold that it was a party defendant. Moreover, the Supreme Court of Virginia has now definitively ruled on this issue in the *Nationwide Mutual* and *Midwest Mutual* cases as cited herein.

The obligation of the uninsured motorist carrier, Progressive, to satisfy any judgment in this action would arise only after a determination that the plaintiff as an insured is "legally entitled to recover" damages from a defendant/owner or operator of an uninsured motor vehicle. *Midwest Mutual Insurance Company v. Aetna Casualty & Surety Co.,* 216 Va. 926, 223 S.E.2d 901, 904 (1976). In the tort action against the alleged uninsured motorist, the issue of coverage afforded by the insurance company has no place, and "that issue may be decided in an action *ex contractu* brought on the policy by the interested judgment plaintiff...." *Rodgers v. Danko,* 204 Va. 140, 129 S.E.2d 828, 830 (1963). The uninsured motorist is a "silent party" who appears and acts to protect the uninsured's legal interests, but is not even listed on the style of the case on the automobile accident. It is subject to suit in a subsequent action based on its contract of insurance. Judgment for the tort committed in the automobile accident is one of the elements necessary to recover on the contract of insurance in a contractual action against the insurance company. It is clear that under Virginia law, the uninsured motorist carrier is not a party defendant within 28 U.S.C. § 1441 in the initial action based on the automobile accident.

## II.

■ The alleged conflict of interest situation is somewhat more intriguing. The attorney for the two defendants was engaged by the liability insurer of the vehicle which was allegedly operated by the defendants. This attorney filed an answer for both the driver and the lessee. For the purpose of this opinion, the facts as recited are those that are alleged but not necessarily proven.

The plaintiff's motorcycle was in a collision on Route 17 in Gloucester County, Virginia, with a Hertz rental car operated by the defendant Myer and rented by the defendant Holloman. It is claimed that Myer was neither a listed lessee nor an authorized operator of the car's lessor, Hertz. The plaintiff claims the defendants were in a "joint enterprise" and "jointly and negligently" caused the collision and injuries of the plaintiff.

Counsel obtained by Hertz's insurance carrier answered on behalf of both defendants under a reservation of rights with a single attorney representing both defendants. Another insurance company has secondary coverage for the defendant Holloman. It is to Holloman's advantage that the operation of the vehicle not be considered a "joint enterprise" and to Myer's advantage for it to be a "joint enterprise".

The attorney for the defendants informed the attorney for the plaintiff that the defense of the two individuals was under a "reservation of rights." The plaintiff's attorney states that the defendant's attorney cannot properly "act on behalf of both individual defendants" in the removal, attacking in essence his authority to act on behalf of both Myer and Holloman. Indeed, in addition to two different insurance attorneys for Holloman, there is a personal counsel for Holloman. However, no one except the uninsured motorist carrier has evidenced any interest in the plaintiff's motion to remand.

The question of the authority of the counsel for the defendants to act was set forth by Chief Justice Marshall in the following statement from *Osborn v. United States Bank*, 22 U.S. 738, 830, 9 Wheat 326, 365, 6 L.Ed. 204 (1824):

> Certain gentlemen, first licensed by government, are admitted, by order of court, to stand at the bar, with a general capacity to represent all the suitors in the court. The appearance of any one of these gentlemen in a cause, has always been received as evidence of his authority; and no additional evidence, so far as we are informed, has ever been required.

> This practice, we believe, has existed from the first establishment of our courts, and no departure from it has been made in those of any state or of the Union.... The universal and familiar practice, then, of permitting gentlemen of the profession to appear, without producing a warrant of attorney, forms a rule, which is as applicable in reason to their appearance for a corporation, as for a natural person.

Thus, the authority to act on behalf of both individuals is implicit in the representation by the attorney. Where are the objections of the defendants themselves? The plaintiff seems zealous to protect the rights of the defendants but without more than a mere inference by the plaintiff, this Court is not ready to find that the attorney for the defendants is acting without their authority. Accordingly, while the Court does not condone what may possibly turn out to be a conflict of interest in representation, this Court cannot say that counsel did not act for both the defendants in removing this suit as required by 28 U.S.C. § 1441. Therefore, the petition to remand is DENIED.

IT IS SO ORDERED.