## CIRCUIT COURT OF FAIRFAX COUNTY

Mary C. Valenzuela

v.

Hector A. Caceres
and Omar H. Machuca

February 8, 1990

Case No. (Law) 88602

### By JUDGE ROSEMARIE ANNUNZIATA

The matter to be addressed by the Court in this opinion letter are defendant's motion for the recusal of Rosemarie Annunziata from the determination of St. Paul's Motion to Limit Damages and all other matters pertaining to this case; defendant's motion to limit damages; and plaintiff's motion to amend her Motion for Judgment.

Since I have earlier decided the issue of recusal, denying defendant's motion, I merely state, summarily, the decision and its basis, as enunciated in our telephone conference in which the matter was addressed. I note particularly the fact that the employer/employee relationship which existed between counsel for defendant, Mary Meade, and me ended some three and one-half years in 1986. I also note that Ms. Meade worked almost exclusively for another partner in the firm and that our contact was relatively attenuated. Finally, the dissolution of the firm

simply ended the employment relationship we all enjoyed and in my view has little, if any, import here. I have recused myself from hearing cases in which my former partners are involved as counsel, but, in my judgment, recusal is not warranted here.

The facts underlying the substantive issues are as follows. On October 27, 1987, Mary C. Valenzuela was operating a motor vehicle owned by her employer, Davis & Carter, P.C. In January, 1989, Valenzuela filed the instant action against the drivers of two automobiles who collided with her vehicle on that date. The drivers, Hector A. Caceres and Omar H. Machuca, have not been located. Plaintiff also believes that these defendants are uninsured. Valenzuela is currently under an outstanding award entered by the Industrial Commission of Virginia documenting her entitlement to workers' compensation benefits and which covers her medical expenses and her long-term disability for the injuries sustained on October 27, 1987.

Valenzuela obtained service on the registered agent for St. Paul Fire & Marine Insurance Company, the insurer of the automobile which Valenzuela was operating at the time of the accident. Valenzuela is seeking a judgment against the real party defendants so that she may avail herself of the uninsured motorist coverage provided by the St. Paul policy.

In the instant motion, St. Paul seeks to obtain an order of this Court limiting the amount of recovery to that which is over the amount received from the workers' compensation award, contending that any recovery in the tort action should be reduced by the amount received by Valenzuela as a result of the workers' compensation award.

The law governing the issue is clear. Judicial consideration of a contract defense, such as the defense raised by St. Paul in this case, cannot be raised or adjudicated in a tort action. *Rogers v. Danko*, 204 Va. 140, 129 S.E.2d 828 (1936). Such issues are properly raised after judgment on the tort action by an action on the policy or by a motion for a declaratory judgment. *Id.* at 143, 129 S.E.2d at 830. See also *John Doe v. Brown*, 203 Va. 508, 125 S.E.2d 159 (1962); Harnett, Donell, "Pleading under the Virginia Uninsured Motorist Statute," 21 W. & L. L. Rev. 79 (1964); Widiss, Alan I., *Uninsured and Underinsured Motorist In-*

*surance,* vol. 2, at pp. 355-356, and the cases cited therein; Note, "Uninsured Motorist Coverage in Virginia," 47 Va. L. Rev. 145 at 168-169 (1961).

Accordingly, defendant's Motion to Limit Damages Recoverable is denied.

Plaintiff's motion for leave to file an Amended Motion for Judgment is premised on allegations that the defendants Caceres' and Machuca's blood alcohol after the accident were respectively 0.34% and 0.31% by weight by volume. Plaintiff cites as authority in support of her claim, *Booth v. Robertson,* 236 Va. 269, 374 S.E.2d 1 (1988); *Keech v. Commonwealth,* 9 Va. App. 272 (1989); *Essex v. Commonwealth,* 228 Va. 273, 322 S.E.2d 216 (1984).

It is my judgment that allegations of high blood alcohol content must be accompanied by allegations of driving behavior that evinces malice or a conscious disregard for the rights of others on the part of the defendant. *Booth v. Robertson,* 236 Va. at 273. The facts in *Booth* include not only a defendant with a high blood alcohol content but one who was traveling on an interstate in the wrong direction at a high rate of speed. As the Court noted, ("The objective fact that the defendant in the case voluntarily consumed enough intoxicants to produce a reading of 0.22% blood alcohol content, *causing him to drive as he did* on the night in question, provides sufficient proof of his conscious disregard of the rights of others.") (emphasis added). *See also Essex v. Commonwealth,* 228 Va. at 282. ("We therefore apply the common law principles mentioned above and hold that the *defendant's degree of intoxication, however great, neither enhances nor impairs the set of facts relied upon to establish implied malice.* In making the determination whether malice exists, the *fact-finder must be guided by the quality of the defendant's conduct,* its likelihood of causing death or great bodily harm, and whether it was volitional or inadvertent; not by the defendant's blood alcohol level.") (emphasis added).

Accordingly, plaintiff's motion for leave to Amend her Motion for Judgment is denied. If additional facts can be alleged to meet the requirements set forth in *Booth,* the plaintiff may renew her Motion for Leave to Amend within ten days of the date of this letter.