**Henry IVORY, Plaintiff,**

v.

**Mary Francis NICHOLS, Defendant.**

**Civ. A. No. 4006.**

United States District Court
E. D. Virginia,
Norfolk Division.

Dec. 23, 1963.

Bangel, Bangel & Bangel and L. David Lindauer, Portsmouth, Va., for plaintiff.

Preston & Preston, Norfolk, Va., for State Farm.

John M. Cloud, Norfolk, Va., for defendant.

WALTER E. HOFFMAN, Chief Judge.

Plaintiff, while riding in a vehicle operated by Mary Francis Nichols, was allegedly injured when the Nichols vehicle collided with an automobile oper-

ated by one Arlington Eason on June 30, 1962, in Greene County, North Carolina. The action was initially filed solely against the defendant Nichols. Thereafter process was served upon the registered agent for State Farm Mutual Insurance Company; an amended complaint was filed alleging that the vehicle in which plaintiff was riding was titled under Virginia Law in Eugene W. Robinson; that Robinson had sold the automobile to Richard Nichols, the defendant's husband, but the title had not been transferred at the office of the Division of Motor Vehicles of Virginia; that Robinson carried liability insurance with Jefferson Insurance Company, an Arkansas corporation; that Richard Nichols, in anticipation of the title being transferred to him, had obtained liability insurance on the vehicle with State Farm Mutual Automobile Insurance Company, the insurance so provided affording protection to Mary Francis Nichols as well as Richard Nichols; that Jefferson Insurance Company has not appeared in behalf of Mary Francis Nichols and, so far as it is known, there is no uninsured insurance protection provided by said policy.

State Farm moved to quash the service of process and to dismiss the action "insofar as it purports to have any effect on the State Farm Mutual Automobile Insurance Company." Relying upon Rodgers v. Danko, 204 Va. 140, 129 S.E.2d 828, District Judge Michie overruled the motion. State Farm then answered the complaint and amended complaint *in its own name*, but not in the name of Mary Francis Nichols.

The procedural point now in issue pertains to interrogatories propounded by the plaintiff to State Farm. The insurance company has moved to quash these interrogatories on the ground that only a party to a legal action may be required to answer interrogatories. Reliance is placed upon Rule 33, Federal Rules of Civil Procedure with emphasis on the term "adverse party."

The statutory scheme involving the Virginia uninsured motorist has created numerous problems. There has been agitation for a direct action against the insurer.[1] The problem has arisen in attempted removal from the state to federal courts. Orlikowski v. Mearns, E.D. Va., 212 F.Supp. 37.

We think it clear that a reasonable interpretation of the Virginia Uninsured Motorist Law compels the insurer to answer certain interrogatories propounded to the carrier wherever the insurance company elects to "file pleadings and take other action allowable by law * * * in its own name" as provided by § 38.1–381(e) (1) of the Code of Virginia 1950, as amended. To hold otherwise would foreclose the right of the insurance company—filing pleadings and taking other action allowable by law in its own name—to resort to many of the Federal Rules of Civil Procedure. For example, Rule 26 provides that "any party" may take the depositions of any person, including a party. Rule 30(b) affords abundant protection to the insurance company and any party or person with respect to depositions. Rule 31 specifies that a "party" may take depositions on written interrogatories, and Rule 31(d) grants relief under a protective order. Rule 33, relating to interrogatories, should certainly be available to an insurance company filing pleadings in its own name under the Virginia Uninsured Motorist Law. Like provisions with respect to production of documents under Rule 34, the physical or mental examination of a party under Rule 35, and request for admission of facts and genuineness of documents under Rule 36, should be equally available to a plaintiff and the insurance company pleading in its own name under the Virginia statute. It is, very definitely, a two-edged sword and to sustain State Farm's contention relative to the present interrogatories propounded by the plaintiff would result in adding to the already complex problems where the insurance company is the *de facto* defendant.

While it is true that action by an insurance company in filing pleadings in its own name under § 38.1–381(e) (1) does not, in itself, subject the insurance carrier to the payment of a judgment rendered against the named defendant, it would appear that State Farm, by answering the complaint, comes within the framework of Rule 33 and is an "adverse party." As is stated in Cyclopedia of Federal Procedure, 3rd Ed., Vol. 7, § 25.464, p. 473 (1963 Cum.Supp.):

> "The view has been taken that Rule 33 refers not to parties whose interest in the result of the litigation may be adverse but to parties who are on opposite sides of an issue raised by the pleadings or otherwise presented by the record."

In the instant case the named defendant, Mary Francis Nichols, has not answered or in any manner appeared. The answer of State Farm, in its own name, denies the negligence of Mary Francis Nichols, asserts contributory negligence and assumption of risk on the part of the plaintiff, refutes the injuries and damages sustained, and alleges that the sole proximate cause of the accident was the negligence of Arlington Eason.

Reserving for further consideration such rulings as may be necessary as to specific interrogatories, the motion to quash as filed by State Farm Mutual Automobile Insurance Company will be overruled.

---

1. McCoid, Insurance, 1961–62 Annual Survey of Va.Law, 48 Va.L.Rev. 1354, 1362; 49 Va.L. Rev. 1619.