## CIRCUIT COURT OF THE CITY OF RICHMOND

Dorothy Mae Ervin

    v.

Larry B. Jones et al.

December 5, 1989

Case No. LR-1285-4

By JUDGE T. J. MARKOW

This matter is before the court on the defendant's plea of governmental immunity. The parties agree that the court may base its decision on the depositions taken by the parties, which have been admitted as evidence at the hearing on the plea. No argument was heard regarding the status of the municipal defendant, the court assuming that it is clearly entitled to the protection of the plea.

Defendant Jones is a police officer employed by the City of Richmond and at all pertinent times was acting within the scope of his employment.

Shortly before the accident, Officer Jones had assisted another officer, Croxston, in arresting a murder suspect. The suspect resisted arrest and had to be subdued to effect the arrest. Croxston was to transport the subject for processing. As he was alone and his car had no special facilities for holding a prisoner, Croxston asked Jones to follow him to the lockup. Jones was to follow to assist Croxston if the prisoner became unruly or if he attempted to escape.

Croxston started off in his car before Jones did, and three cars, including the plaintiff's, got between the two officers. In an attempt to get directly behind Croxston so that he could observe the arrested suspect and give assistance if necessary, Jones passed two of

the cars and was attempting to pass the plaintiff when she made a left turn into his path and was struck.

In determining whether a governmental agent is entitled to the defense of sovereign immunity, the following factors must be considered:

> (1) the nature of the function the employee performs; (2) the extent of the governmental entity's interest and involvement; (3) the degree of control and direction exercised by the governmental entity over the employee; and (4) whether the alleged wrongful act involved the exercise of judgment and discretion.

*Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), citing with approval *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980).

The apprehension and transportation of suspected murderers is among the most essential, elemental and significant services of government. Without any doubt, this activity is to be given great weight in applying the first two factors of the *James v. Jane* analysis, thereby meeting the first two criteria. This much plaintiff concedes, but she argues that as this officer was not trained or supervised, where no procedures were prescribed for him to follow, and where significant discretion was not required, governmental immunity should not apply.

The court disagrees. Considering the third factor, as the teacher in *Lentz v. Morris*, 236 Va. 78, 321 S.E.2d 608 (1988), was not directed by procedures, guidelines, etc., regarding the proper type equipment student football players were to wear, so here the officer was trained generally, and it was up to him to use his training and skills in accomplishing this particular task. While there is no evidence of the degree of supervision over this officer, police departments function as paramilitary, hierarchical organizations with a high degree of supervision and control over its members. This officer was not abandoned to his own devices.

So, also, is the fourth factor met, which considers the judgment and discretion involved. Officer Jones was responsible for assisting Croxston in transporting the suspect to prevent harm to the other officer, as well

as the possible escape of the prisoner. He was required to determine how et to do this. Should he have been immediately behind the fellow officer? Three cars behind? One car behind? And so forth. The defendant was not simply another motorist running an errand, sightseeing, commuting, or looking for a parking space. He was carrying out an essential governmental function. If he and others were required to consider themselves subject to personal liability whenever they involved themselves in such activities, their enthusiasm, willingness and initiative for the job could be dampened. One of the purposes for the defense of governmental immunity was to permit governmental employees to function without such concerns. See *Lentz v. Morris*, 236 Va. 78 at 81. Few places would the doctrine be more appropriate than here.

The plea of governmental immunity will be sustained. Plaintiff asks for leave to plead gross negligence if the court sustained the plea for immunity. She will be granted such leave.