## CIRCUIT COURT OF THE CITY OF RICHMOND

Michelle Hewlett,
Adm'r of the Estate of
Kermit Hewlett

v.

Commonwealth of Virginia et al.

December 4, 1995

Case No. LA-450-4

BY JUDGE RANDALL G. JOHNSON

The sole issue to be decided at this time in this wrongful death case is whether defendant Atlis Health Service, Inc., stipulated by the parties to be an independent contractor, is entitled to the protection of the Commonwealth of Virginia's sovereign immunity. The court holds that it is not.

In *Elizabeth River Tunnel District v. Beecher*, 202 Va. 452, 117 S.E.2d 685 (1961), the relevant question as posed by the Supreme Court was "whether the Virginia Transit Company was an agent of the Elizabeth River Tunnel District as contended by the defendants or whether it was an independent contractor as contended by the plaintiff." 202 Va. at 458. After discussing the pertinent facts and law, the Court concluded:

> In view of the contractual arrangement between the Transit Company and the Tunnel District, we hold that the Transit Company was an independent contractor and the immunity which we hold applicable to the Tunnel District does not extend to the Transit Company. It is not necessary that we decide nor do we express any opinion as to whether such immunity would extend to the Transit Company were it the agent of the Tunnel District.

202 Va. at 460.

In *James v. Jane*, 221 Va. 43, 267 S.E.2d 108 (1980), the plaintiffs, who were seeking to defeat a claim of sovereign immunity raised by defendant physicians, argued that those physicians were independent contractors. 221 Va. at 49. The defendants argued that they were not. Specifically,

defendants argued that "at the time they treated [plaintiffs] they were members of the faculty of the University of Virginia Medical School and physicians on the attending staff of its hospital, and thus were employees and agents of the Commonwealth of Virginia, their employer and principal." *Id.* at 49-50. The Court denied the plea. *Id.* at 55. In commenting on its decision in *James*, the Court, in *Messina v. Burden*, 228 Va. 301, 321 S.E.2d 657 (1984), observed:

> In our view, the doctors were essentially independent contractors as far as their relationship with their patients was concerned. We concluded that since matters of treatment were left up to them individually, the State had no control over the doctor-patient relationship and, therefore, the State's immunity had no application to the doctors with regard to claims of negligent medical treatment.

228 Va. at 312-313.

The above cases are clear. An agent or employee of an immune entity may or may not be immune depending on the facts of a particular case. An independent contractor, however, is never immune. There is simply no other interpretation of the Supreme Court's language and holdings in *Elizabeth River, James,* and *Messina,* and that is this court's holding now. Accordingly, Atlis' plea of sovereign immunity will be overruled.

In making this ruling, I am aware that I am at odds with Judge Hughes' decision in *Wesley v. Mercy Ambulance Corp.*, Case No. LA-501-1 (Circuit Court of the City of Richmond, November 17, 1995), and, according to counsel for Atlis, Judge Persin's decision in *Sliwa v. Quinones*, Case No. 140-94 (29th Judicial Circuit, January 31, 1995). Judge Persin's opinion does not state that the defendants were independent contractors. At oral argument in this case, however, counsel stated that the court did make such a finding. I respectfully disagree with those decisions.