# CIRCUIT COURT OF THE CITY OF ROANOKE

John Raleigh LaPrade

v.

Edward Leon Hopkins

November 10, 1998

Case No. CL98-628

BY JUDGE ROBERT P. DOHERTY, JR.

Officer Hopkins, a City of Roanoke Police Officer and the Defendant in this action, responded to back up Officer Beaumont during a domestic disturbance call. Due to the combative nature of one of the subjects, a large male who brandished a knife, Officer Beaumont was forced to draw his gun. Pepper spray was used on the subject, and Officer Hopkins wrestled with him in order that he could be arrested, handcuffed, and placed in Officer Beaumont's patrol car for transportation to jail. The officers agreed that Hopkins would follow Beaumont to the jail in his patrol car so that he would be able to assist if the subject tried to escape. While following Beaumont and his prisoner, Hopkins rubbed his hand over his face getting pepper spray residue into his left eye. Meanwhile, Plaintiff's vehicle had gotten in between Officers Hopkins and Beaumont's vehicles and stopped to make a left turn. Either while reaching for a rag to wipe his left eye or while wiping his left eye, Officer Hopkins collided with the rear of Plaintiff's vehicle. Plaintiff filed suit for damages for the personal injuries sustained in the wreck and now asks for summary judgment on his negligence claim. Defendant has filed a plea of sovereign immunity, arguing that he is immune from liability for simple negligence while performing a discretionary governmental function, and the Court agrees.

It is axiomatic that the enforcement of the criminal laws of this Commonwealth is a police function of the sovereign. If that enforcement is discretionary in nature, then it is entitled to the protection of sovereign immunity. If it is ministerial, it is not. There are four factors or considerations

which were first formulated in the case of *James v. Jane*, 221 Va. 43, 53 (1980), that assist the Court in determining whether an act is discretionary or ministerial. They are:

1. The nature of the function the employee performs;

2. The extent of the government's interest and involvement in the function;

3. The degree of control and direction exercised over the employee by the government; and

4. Whether the act in question involves the exercise of discretion and judgment.

These factors were instrumental to the decisions in *Colby v. Boyden*, 241 Va. 125 (1991), a case in which sovereign immunity was found to apply to a high speed police chase, and *Heider v. Clemons*, 241 Va. 143 (1991), which held that a deputy sheriff involved in ordinary driving while returning from serving court papers was not entitled to sovereign immunity.

The facts under consideration fall somewhere between these two cases. Officer Hopkins was doing something more than just driving a car but something less than a high speed chase. He was, however, exercising a vital governmental function, that of assisting in the arrest and transportation of a person accused of a criminal act. While performing this task, he not only had to drive a car, but he also had to watch the police vehicle in front of him for danger from within, and he had to be on guard against an escape attempt. He was doing all of this with a caustic substance still on his hands, having just come from subduing a violent prisoner. The situation he was monitoring was fraught with danger and would continue to be so until the prisoner was physically placed in the confines of the jail. Officer Hopkins was required to use his own judgment and discretion as to how best to accomplish his mission without the guidance or control of a supervisor but instead by the application of his police training to a dangerous and changing situation. He had to do all of this while still providing protection for the public and for all of the parties involved. All four of the test factors from the *James v. Jane* case are present. Under these circumstances, sovereign immunity applies. Any act of simple negligence on the part of Officer Hopkins which may have brought about the Plaintiff's injuries is shielded from liability. For a similar holding, see Judge Markow's opinion in *Ervin v. Jones*, 17 Va. Cir. 423 (1989).

Accordingly, the Defendant's plea of sovereign immunity from simple negligence is granted. This ruling renders moot the Plaintiff's motion for summary judgment. In accordance with a prior ruling of this Court, Plaintiff has twenty-one days from the date of this letter to file his amended pleading alleging gross negligence.