Present:   All the Justices

NATIONWIDE MUTUAL INSURANCE COMPANY

v.   Record No. 992091

CLARENCE E. HYLTON, ET AL.

                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
                              June 9, 2000
CLARENCE E. HYLTON

v.   Record No. 992106

MARK DANIEL DEHART

              FROM THE CIRCUIT COURT OF HENRY COUNTY
                     David V. Williams, Judge

                              I.

     In these appeals, we consider whether a judgment in a tort action may be entered against an insurance company that issued an automobile liability insurance policy even though the insurance company was not a defendant in the circuit court proceedings; and whether a plaintiff's tort claims against a defendant, who was a state trooper, are barred by the doctrine of sovereign immunity.

                              II.

     Plaintiff, Clarence E. Hylton, filed his motion for judgment against Mark Daniel DeHart.  A copy of the motion for judgment was served upon Robert C. Wetzel, registered agent for Nationwide Mutual Insurance Company (Nationwide).  Hylton alleged in his motion for judgment that he was injured as a

result of DeHart's negligent operation of a motor vehicle. DeHart, a Virginia State Trooper, filed a grounds of defense and a plea of sovereign immunity. DeHart asserted that while he was operating his police cruiser, he observed an unidentified driver of a truck commit a traffic violation, that he made a decision to apprehend the violator, and that he was in the process of determining the manner in which to proceed when he was involved in the accident with Hylton. The circuit court considered evidence relating to the plea of sovereign immunity on the morning of the scheduled trial and sustained the plea.

After sustaining the plea of sovereign immunity, the circuit court permitted Hylton to proceed with his lawsuit against Nationwide, which had issued an automobile liability policy of insurance to Hylton that was in effect when the accident that was the subject of Hylton's motion for judgment occurred. Hylton did not name Nationwide as a party in his motion for judgment, and Nationwide did not file any pleadings. DeHart's counsel informed the circuit court that he did not represent Nationwide, but was counsel of record only for DeHart.

Hylton argued that Nationwide was in default, and since DeHart's plea of sovereign immunity had been sustained, neither DeHart nor his counsel had the right to participate in

2

the trial of the case. The circuit court rejected Hylton's arguments. Hylton presented evidence, the jury was instructed, and counsel for Hylton and DeHart made closing arguments. The jury returned a verdict in favor of Hylton in the amount of $100,000, and the circuit court entered a judgment confirming the verdict.

Once Nationwide learned that a judgment had been entered against it, Nationwide filed a motion requesting that the circuit court set aside that judgment because, among other reasons, Nationwide was not a named defendant or party to the tort action. Hylton opposed Nationwide's motion, and the circuit court apparently took no action on the motion. Nationwide appeals the circuit court's judgment confirming the jury's verdict. Hylton appeals that portion of the judgment sustaining the plea of sovereign immunity.

### III.

Code § 38.2-2206(F) states:

> "If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of this policy under which the insured is making a claim, then the insured shall serve a copy of the process upon this insurer in the manner prescribed by law, as though the insurer were a party defendant. The provisions of § 8.01-288 shall not be applicable to the service of process required in this subsection. The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or

operator of the uninsured or underinsured motor vehicle or in its own name. Notwithstanding the provisions of subsection A, the immunity from liability for negligence of the owner or operator of a motor vehicle shall not be a bar to the insured obtaining a judgment enforceable against the insurer for the negligence of the immune owner or operator, and shall not be a defense available to the insurer to the action brought by the insured, which shall proceed against the named defendant although any judgment obtained would be enforceable against the insurer and any other nonimmune defendant. Nothing in this subsection shall prevent the owner or operator of the uninsured motor vehicle from employing counsel of his own choice and taking any action in his own interest in connection with the proceeding."

Nationwide argues that a plaintiff who has filed an action against a tortfeasor may not recover a judgment against an automobile liability insurance carrier in that tort action. Continuing, Nationwide asserts that even though Code § 38.2-2206(F) gives it a right to file pleadings in an action against an uninsured or underinsured tortfeasor, this statute does not authorize the entry of a judgment against an insurance company that issued a policy of insurance that may satisfy a judgment that may be entered against the owner or operator of the uninsured or underinsured motor vehicle. Responding, Hylton asserts that Nationwide voluntarily failed to take advantage of its right and opportunity to appear conferred upon it by Code § 38.2-2206(F) and, therefore, Nationwide has no right to complain of the judgment entered against it. We disagree with Hylton.

4

We have held that a plaintiff who files a tort action for injuries caused by an owner or operator of an uninsured motor vehicle cannot recover a judgment in that action against the liability insurance company that may have a duty to pay the judgment.  We stated in Doe v. Brown, 203 Va. 508, 515, 125 S.E.2d 159, 164 (1962):

> "This is not an action arising ex contractu to recover against the insurance company on its endorsement.  The insurance company is not a named party defendant and judgment cannot be entered against it in this action.  This is an action ex delicto, since the cause of action arises out of a tort, and the only issues presented are the establishment of legal liability on the unknown uninsured motorist, John Doe, and the fixing of damages, if any."

See also Rodgers v. Danko, 204 Va. 140, 143, 129 S.E.2d 828, 830 (1963).  Rather, the question whether an automobile insurance company has a legal obligation to a plaintiff "may be decided in an action ex contractu brought on the policy by the interested judgment plaintiff, or in a declaratory judgment proceeding to determine the rights of the parties."  Id.

Even though Code § 38.2-2206(F) gave Nationwide the right to file pleadings and take any other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name, this statute does not permit Hylton to obtain a judgment in this tort

5

proceeding against Nationwide.  And, the fact that Nationwide's registered agent received a copy of the motion for judgment does not permit the circuit court to enter a judgment against Nationwide.  Accordingly, we hold that the circuit court erred by entering a judgment against Nationwide in this proceeding.

IV.

A.

DeHart adduced the following evidence at the pretrial hearing on his plea of sovereign immunity.  DeHart was employed as a Virginia State Trooper on August 2, 1996.  In that capacity, he was required to patrol Henry County in his police cruiser, enforce criminal laws, respond to requests for assistance, issue citations for traffic violations, obtain and execute search warrants, and perform special assignments.

DeHart was operating his police cruiser on August 2, 1996, while on duty.  He was traveling south on Route 220 near the intersection of Route 220 and Commonwealth Boulevard in Henry County.  The intersection is controlled by a traffic light.  When the traffic light was red, DeHart stopped his vehicle behind a truck, which was operated by Hylton.  When the traffic light turned green, Hylton drove his truck through the intersection, three or four car lengths in front of DeHart's cruiser.

6

As DeHart slowly proceeded through the intersection, he saw an unidentified individual operating a pickup truck. The unidentified driver of the pickup truck proceeded through a red light and made a "wide right turn" onto Route 220. DeHart testified that he observed the unidentified operator of the pickup truck drive onto Route 220

> "and that lane would have had a red light. [The unidentified driver] came out and did not slow down very much, came into the right lane and made a wide turn.
> "At that point I was looking in my rear view mirror to get over in the right lane. I was going to stop that vehicle, and at that point I heard tires squeal in front of me. I saw the vehicle stop abruptly in the left lane and I proceeded to try to stop, but did not have enough distance and impacted with Mr. Hylton."

Sergeant C. William Murphy, DeHart's supervisor, testified that DeHart's duties were to enforce traffic and criminal laws in Henry County as well as elsewhere in the Commonwealth of Virginia. DeHart testified that he exercises discretion and judgment when deciding whether to pursue traffic violators.

B.

Hylton argues that the circuit court erred by sustaining DeHart's plea of sovereign immunity because he was merely operating his motor vehicle and that such act does not "clothe [him] with the defense of sovereign immunity." We disagree.

7

In Colby v. Boyden, 241 Va. 125, 128-29, 400 S.E.2d 184, 186-87 (1991), we discussed the test that we apply when determining whether a governmental employee is entitled to the protection of sovereign immunity.  We held that we must consider "(1) the nature of the function the employee performs; (2) the extent of the government's interest and involvement in the function; (3) the degree of control and direction exercised over the employee by the government; and (4) whether the act in question involved the exercise of discretion and judgment."  Id. at 129, 400 S.E.2d at 186-87. See also Gargiulo v. Ohar, 239 Va. 209, 212, 387 S.E.2d 787, 789 (1990); Lentz v. Morris, 236 Va. 78, 82, 372 S.E.2d 608, 610 (1988); Messina v. Burden, 228 Va. 301, 313, 321 S.E.2d 657, 663 (1984); James v. Jane, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980).

In Colby, we applied this test to determine whether a police officer, who was involved in an accident while in pursuit of a traffic violator, was entitled to the bar of sovereign immunity to defeat the tort claims asserted by a plaintiff who was injured in the accident.  We stated:

> "Enforcement of traffic laws is not only a primary
> governmental function of a municipality, but one in
> which the municipality is inextricably involved
> through financial, personnel, and policy
> initiatives.  A municipality enjoys sovereign
> immunity for acts undertaken in furtherance of this
> function.  [The police officer] was involved in the

8

performance of this function for the City of Virginia Beach at the time of the accident, thereby satisfying the first two elements of the test.

. . . .

"Unlike the driver in routine traffic, the [police] officer must make difficult judgments about the best means of effectuating the governmental purpose by embracing special risks in an emergency situation. Such situations involve necessarily discretionary, split-second decisions balancing grave personal risks, public safety concerns, and the need to achieve the governmental objective. The exercise of discretion is involved even in the initial decision to undertake the pursuit . . . ."

Colby, 241 Va. at 129-30, 400 S.E.2d at 187. We concluded that the circuit court properly ruled that the police officer in Colby was entitled to the bar of sovereign immunity.

We hold that DeHart is entitled to the bar of sovereign immunity. DeHart was involved in the enforcement of traffic laws, which is a governmental function. And, the circuit court implicitly made a finding of fact that when DeHart's police cruiser collided with Hylton's vehicle, DeHart had made a decision to pursue the unidentified motor vehicle operator who had committed a traffic infraction, and DeHart had begun to undertake the pursuit.

Contrary to Hylton's assertions, DeHart was not involved merely in the simple operation of an automobile when DeHart's vehicle collided with the rear of Hylton's vehicle. In Heider v. Clemons, 241 Va. 143, 145, 400 S.E.2d 190, 191 (1991), we

9

held that a deputy sheriff, who was involved in an accident while driving his car, was not entitled to the bar of sovereign immunity.  The deputy sheriff had served process at a residence in Fairfax, returned to his automobile, drove onto a street, and collided with a motorcycle.  The driver of the motorcycle filed a negligence action against the deputy sheriff, who pled the affirmative defense of sovereign immunity.  Id. at 144, 400 S.E.2d at 190.

Rejecting the deputy sheriff's assertion of the defense of sovereign immunity in Heider, we stated:

> "While every person driving a car must make myriad decisions, in ordinary driving situations the duty of due care is a ministerial obligation.  The defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the performance of the governmental function itself.  In some instances, the operation of an automobile may fall into this category, such as the discretionary judgment involved in vehicular pursuit by a law enforcement officer.  See, e.g., Colby v. Boyden, 241 Va. 125, 400 S.E.2d 184 (1991) . . . .  However, under the circumstances of this case, the simple operation of an automobile did not involve special risks arising from the governmental activity, or the exercise of judgment or discretion about the proper means of effectuating the governmental purpose of the driver's employer."

Id. at 145, 400 S.E.2d at 191.  See also Wynn v. Gandy, 170 Va. 590, 197 S.E. 527 (1938) (defense of sovereign immunity not available to school bus driver whose duty of driving a bus to transport children did not involve judgmental discretion, but was purely ministerial).  In contrast to the deputy

10

sheriff in <u>Heider</u>, DeHart was not merely engaged in routine driving activities.  Rather, at the time of the accident that is the subject of this litigation, DeHart had made a decision to apprehend a traffic violator, and DeHart was required to exercise discretion and judgment in executing that action.

## V.

Finding no merit in Hylton's remaining arguments, we will affirm the judgment of the circuit court in Hylton's action against DeHart.  Also, we will reverse the circuit court's judgment in Hylton's action against Nationwide and enter final judgment here in favor of Nationwide.

Record No. 992091 — <u>Reversed and final judgment</u>.
Record No. 992106 — <u>Affirmed</u>.

11