## CIRCUIT COURT OF WISE COUNTY

Kim Bowen

v.

Randall Manis
and Friendship
Ambulance Service, Inc.

July 16, 2002

Case No. L01-131

BY JUDGE FORD C. QUILLEN

### Defendant's Alleged Facts

On July 17, 2000, Coeburn Communicare, a proprietary clinic, requested the transportation of a patient to Norton Community Hospital, a proprietary hospital. Friendship Ambulance Service, Inc., a for-profit ambulance service, received the request and dispatched Randall Manis, a Friendship ambulance driver, to transport the patient, but, in route to pick up the patient, Mr. Manis was involved in accident with another automobile.

### Issue

The sole issue before the court is whether the defendants, the driver of the ambulance and the for-profit ambulance service, are entitled to their special plea of sovereign immunity.

### Opinion

Defendant's counsel relies on several Virginia cases to sustain a sovereign immunity plea. The first of which involves sovereign immunity being granted to a state trooper who was "determining the manner in which to

proceed" while attempting to apprehend a traffic violator. *Nationwide Mut. Ins. Co. v. Hylton,* 260 Va. 56, 59 (2000). Hence, defendant's counsel may be correct in establishing the defendant was exercising discretion; however, the test the Court uses to determine if a governmental employee is entitled to sovereign immunity does not involve a single factor. In Virginia, the Court uses a multi-factored test to determine whether sovereign immunity should be granted. In determining whether a governmental employee is entitled to sovereign immunity, the Court must consider:

> (1) the nature of the function the employee performs; (2) the extent of the government's interest and involvement in the function; (3) the degree of control and direction exercised over the employee by the government; and (4) whether the act in question involved the exercise of discretion and judgment.

*Id.* at 63, quoting *Colby v. Boyden,* 241 Va. 125, 128-29, 400 S.E.2d 184, 186-87 (1991). See also *Gargiulo v. Ohar,* 239 Va. 209, 212, 387 S.E.2d 787, 789 (1990); *Lentz v. Morris,* 236 Va. 78, 82, 372 S.E.2d 608, 610 (1988); *Messina v. Burden,* 228 Va. 301, 313, 321 S.E.2d 657, 663 (1984); *James v. Jane,* 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980).

Thus, even if defendant's counsel proves that the ambulance driver was not involved merely in the simple operation of an automobile but was exercising discretion and judgment, he will not be granted sovereign immunity on this factor alone. The defendant must also show the government's interest, involvement, and degree of control.

Defendant's counsel also relies on *Smith v. Settle,* 254 Va. 348, 492 S.E.2d 427 (1997). Though the case has similar facts to the case at hand, this reliance is misplaced. In *Smith,* the driver operated an ambulance owned by a volunteer rescue squad under a high degree of governmental control, not an ambulance owned by a for-profit ambulance company like Friendship, which is not alleged to be under governmental control at the time of the accident and was not acting in any capacity for the county or other governmental entity.

Likewise, defendant's reliance on *Wesley v. Mercy Ambulance Corp.,* 37 Va. Cir. 354 (1995), is misplaced. In *Mercy,* unlike the case at hand, the ambulance company did not bill the patients for its services. More importantly, Mercy Ambulance was subject to a "high degree of control" by the State, as it supplied the infrastructure for the emergency medical service system, owned the vehicles and equipment, and required Mercy to respond to all emergency calls within the Richmond city limits. *Id.* At the time of the

accident, Friendship ambulance was not under any degree of state control. Friendship is a private, for-profit ambulance company that also has contracts to provide mutual aid to local county and city rescue squads. The case at hand involves a call from a for-profit care facility to a for-profit ambulance service to transfer a patient to a for-profit hospital. This Court considers none of the parties involved in the case at hand to be governmental entities. Hence, this is not equivalent to the situation in *Mercy*, which involved an actual 911 call to a governmental entity. There must be an allegation that the defendant was an agent or under the control of a governmental entity before the Court can consider the granting of sovereign immunity.

Additionally, other Virginia state circuit courts disagree with the holding in Mercy that allowed an independent ambulance company sovereign immunity if it was subject to a high degree of state control. "An independent contractor, however, is never immune," and thus cannot claim the defense of sovereign immunity. *Hewlett v. Commonwealth*, 37 Va. Cir. 402 (1995). Regardless of which circuit court this Court sides with, it is evident that Friendship is not under state control and, thus, will not be afforded sovereign immunity, even if it has a mutual aid contract with the local counties and towns. Friendship's alleged contract with the county was not being exercised in this situation. The county was not requesting Friendship's services, but instead an independent clinic was requesting Friendship's services.

Defendant's counsel is correct in asserting that, though Friendship charges patients a fee, this alone does not make them ineligible for sovereign immunity. See *Carter v. Chesterfield Co. Health Comm'n*, 259 Va. 588, 527 S.E.2d 783 (2000). Thus, a proprietary service could have sovereign immunity, but only if, "in providing such services, the governmental entity is exercising the powers and duties of government conferred by law for the general benefit and well-being of its citizens." *Id.* at 593, quoting *Edwards v. City of Portsmouth*, 237 Va. 167 at 172, 375 S.E.2d 744 at 750 (1989). However, "the governmental aspect of the undertaking is controlling" and, in the case at hand, there is no state control over Friendship to render Friendship a governmental entity and, thus, it should not be granted sovereign immunity. *Id.*

Sovereign immunity is a rule of social policy, "which protects the state from burdensome interference with the performance of its governmental functions and preserves its control over state funds, property, and instrumentalities." *Hinchey v. Ogden*, 226 Va. 234 at 240, 307 S.E.2d 891 at 894 (1983). This policy of governmental protection should not be extended to

a for-profit ambulance service that was, at the request of a for-profit medical clinic, in route to transport a patient from this clinic to a for-profit hospital.