## CIRCUIT COURT OF FAUQUIER COUNTY

Robert C. Baker

v.

Matthew J. Miller et al.

August 7, 2007

Case No. CL06-645

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court on a Plea in Bar filed by Matthew J. Miller asserting that this action is barred under the Doctrine of Sovereign Immunity. Defendant, Department of Game & Fisheries, also filed a Plea in Bar which was conceded by the Plaintiff at the time of oral argument. This case concerns a cause of action for simple negligence filed by the Plaintiff against the Defendant, Matthew Miller and the Commonwealth of Virginia as a result of an automobile accident which occurred on November 25, 2005, in Fauquier County, Virginia. Defendant, Miller was a Game Warden with the Department of Game & Inland Fisheries and on routine patrol in the County. At that time, he was operating his marked state owned pick-up truck and in uniform, when he allegedly negligently collided with the vehicle operated by the Plaintiff. At the time of the collision, Game Warden Miller was not in pursuit of any alleged violator nor was he engaged in any police action that could be characterized as an emergency.

It was conceded by all parties that Game Warden Miller was simply performing his ordinary duties without incident. See Deposition Transcript July 19, 2007, p. 31, 32.

In support of the Motion, the Defendant submitted a transcript of a deposition taken of Game Warden Miller, which was received in evidence without objection. Upon conclusion of argument, the Court took this matter under advisement and is now in a position to render its decision. A Plea in Bar is a procedural mechanism in which a single defense can be asserted to one aspect of the case. The Court may receive evidence in support of that defense, and resolution of the plea in favor of the Defendant extinguishes the claim against the Defendant without the necessity of further adjudication. *Hughes v. Doe*, 273 Va. 45, 49, 639 S.E.2d 302 (2007).

In the case of *James v. Jane*, 221 Va. 43, 282 S.E.2d 864 (1980), the Supreme Court set forth a four part test to determine the applicability of sovereign immunity: (1) The nature of the function performed by the employee; (2) The extent of the State's interest and involvement in that function; (3) The degree of control and direction exercised by the State over the employee; (4) Whether the act complained of involved the use of judgment and discretion. *James*, 221 Va. at 53.

It was conceded in argument by the Plaintiff that the first three parts of the test had been satisfied by the Defendant. The only remaining issue is whether the alleged negligent act sufficiently involved the use of judgment and discretion by the officer. Sovereign immunity has been denied where the injury is the result of negligence in performance of duties which do "not involve judgment or discretion in their performance, but which are purely ministerial." *Wynn v. Gandy*, 170 Va. 590, 595, 197 S.E. 527 (1938). In the *Wynn* case, a school bus driver, who was simply in the ordinary process of picking up children at a bus stop, was held to be involved in a purely ministerial function and not able to assert the sovereign immunity defense.

More recent cases have dealt with law enforcement officers and claims arising from activities associated with their functions. In the case of *Nationwide Mutual Ins. Co. v. Hylton*, 260 Va. 56, 530 S.E.2d 421 (2000), and *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991), police officers in each case in pursuit of suspected law breakers were granted immunity, because the police officer, when engaged in the "delicate, dangerous, and potentially deadly job of vehicular pursuit must make prompt, original, and crucial decisions in a highly stressful situation." 241 Va. at 129. In *Colby*, the officer was in pursuit for an extended period of time. The *Hylton* case involved a much less dramatic situation, as the Trooper had *just* made the decision to pursue the suspect; however, the Court still found that the actions of the officer required discretion and judgment as to when to initiate pursuit, and that was all that was required. 260 Va. at 65.

In contrast, *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991), involved a deputy sheriff who had just finished serving judicial process, and, upon leaving the property, he inadvertently collided with a motorcycle as a result of a simple act of negligent driving. The Court in *Heider* stated that, while every person driving a car must make myriad decisions in an ordinary driving situation, the duty of due care is a ministerial obligation. 241 at 145.

This Court in comparing those decisions to the facts of the case at Bar, concludes that the instant case is more similar to the facts in *Heider*, rather than either *Colby* or *Hylton*.

It was suggested by the Defendant that this case can be distinguished from *Heider* as the Game Warden was actively on duty at that time and in the process of patrolling the area searching for potential law breakers. This, the argument goes, is different from *Heider*, where the Deputy had *completed* serving his process and was merely driving away.

While this Court concedes that the conduct of the Game Warden in the subject case required a higher level of professional diligence, there is nothing to suggest in the deposition nor in the argument that the officer's driving activity, which is the subject of the suit, was anything more then an ordinary driving situation. Unlike the *Colby* or *Hylton* cases, in the instant case no suspect had been identified nor had any emergency arisen which would have required the Defendant to make discretionary split second decisions in a highly stressful situation. "Deciding which government employees are entitled to immunity requires line-drawing." *Messina v. Burden*, 228 Va. 301, 310, 321 S.E.2d 657 (1984). Here the Court draws the line at the circumstances giving rise to Defendant's claim of sovereign immunity. On the facts at Bar, the Court finds this to be an ordinary driving situation, and a ministerial duty of the Defendant. He is merely operating his motor vehicle (without the activation of emergency equipment) as any other driver would on the highway, therefore, giving rise to an ordinary duty of care.

The Court must examine whether the other officer on duty is justified in directing his attention away from the ordinary safe operation of his vehicle, to a "police action" situation, which could be characterized as an emergency.

This Court concludes in this case of apparent first impression, that, in the absence of any exigent circumstances requiring the exercise or use of the police officer or game warden's *professional* discretion and judgment, he is not entitled to sovereign immunity. Therefore, the Plea in bar will be denied.