# CIRCUIT COURT OF THE CITY OF DANVILLE

Wayne Cunningham

v.

Jacqueline Rossman
and The City of Danville

July 12, 2010

Case No. CL10-014

BY JUDGE DAVID A. MELESCO

This matter comes before the Court on the defendants' Plea in Bar of Sovereign Immunity. For the reasons that follow, the Court grants the plea in bar. The City of Danville has absolute immunity from the plaintiff's claims in this suit, and Defendant Jacqueline Rossman has immunity from claims of simple negligence.

*I. Facts on Plea in Bar*

A. *Standard of Review*

"A plea of sovereign immunity is a defensive plea presenting distinct issues of fact which, if proved, create a bar to the plaintiff's right of recovery. As the moving party, the defendants bear the burden of proving those issues of fact." *Whitley v. Commonwealth*, 260 Va. 482, 493, 538 S.E.2d 296, 302 (2000) (citing *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E.2d 882, 884 (1996)); *see also Hawthorne v. VanMarter*, 279 Va. 566, 692 S.E.2d 226 (2010) (discussing at length pleas in bar generally).

"The issue raised by a plea in bar may be submitted to the circuit court for decision based on a discrete body of facts identified by the parties through their pleadings or developed through the presentation of evidence supporting or opposing the plea." The Court notes that, contrary to the assertions of Plaintiff's counsel, a plea in bar is distinct from a demurrer. A demurrer tests the sufficiency of the pleadings alone, and no evidence is presented. *E.g., Luckett v. Jennings*, 246 Va. 303, 307, 435 S.E.2d 400, 402 (1993); *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122, 624 S.E.2d 1, 4 (2006); *Moore v. Jefferson Hospital, Inc.*, 208 Va. 438, 440, 158 S.E.2d 124, 126 (1967). In contrast, a plea in bar raises a single set of dispositive facts, which, if proved, would bar the plaintiff from recovering. *Hawthorne*, 279 Va. at 577, 692 S.E.2d 226. If "no evidence is presented on the plea, the trial court, and the appellate court on review, must rely solely on the pleadings in resolving the issues presented. *Id.* (citing *Tomlin*, 251 Va. at 480, 468 S.E.2d at 884; *Weichert Co. v. First Commercial Bank*, 246 Va. 108, 109, 431 S.E.2d 308, 309 (1993)). In so doing, "[t]he facts as stated in the pleadings by the plaintiff are taken as true for the purpose of resolving the special plea." *Gray v. Virginia Sec'y of Transp.*, 276 Va. 93, 97, 662 S.E.2d 66, 68 (2008) (quoting *Niese v. City of Alexandria*, 264 Va. 230, 233, 564 S.E.2d 127, 129 (2002)). If evidence is presented "on the plea ore tenus, the circuit court's factual findings are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support." *Hawthorne*, 279 Va. at 577 (citations omitted). "If the facts underlying the plea in bar are contested, a party may demand that a jury decide the factual issues raised by the plea," but "if the facts are disputed and no demand for a jury is made, the 'whole matter of law and fact' may be decided by the court." *Hawthorne*, 279 Va. at 577–78. In the instant case, neither party demanded a jury for the plea in bar. And whether a defendant is entitled to sovereign immunity is question of law. *City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004).

## B. *Facts Presented*

Based on the pleadings and the evidence presented at an *ore tenus* hearing on June 21, 2010, the Court makes the following findings of fact for the purposes of the plea in bar. At the time of the events at issue in this suit, Defendant Jacqueline Rossman was a police officer employed by the Danville Police Department, which is a department of the City of Danville, Virginia. On June 30, 2008, Pursuant to an arrest warrant, Rossman

located and arrested the plaintiff, Wayne Cunningham. She handcuffed the plaintiff's hands in front of him and placed him in the back of her police car. Defendant Rossman testified that she handcuffed the plaintiff's hands in front, as opposed to behind his back, because she had previously arrested the plaintiff and he had informed her that he had a physical condition that made it painful to place his arms behind his back. Based on this knowledge and out of consideration for the plaintiff, she handcuffed his hands in front of his body. While en route to the Danville Police Department, Rossman backed her police car into a brick column, injuring the plaintiff. The plaintiff alleges that this motor vehicle accident was a result of Rossman's negligence. The pleadings further allege that Rossman was impaired by intoxicants at the time of the accident, but Rossman testified that she had not consumed any alcohol or drugs on the date of the incident. However, whether or not Rossman was intoxicated at the time of the accident is not relevant to the existence of sovereign immunity. But intoxication may be relevant to determining the existence of gross negligence as opposed to simple negligence.

## II. Analysis

### A. The Law of Sovereign Immunity in Virginia

#### 1. Sovereign Immunity in General

"[T]he doctrine of sovereign immunity is 'alive and well' in Virginia." *Gray*, 276 Va. at 101, 662 S.E.2d at 70 (quoting *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657, 660 (1984)). The purposes of sovereign immunity include, but are not limited to:

> protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation.

*Messina*, 228 Va. at 308, 321 S.E.2d at 660. As a general rule, the Commonwealth of Virginia is immune from both actions at law for damages and suits in equity to restrain governmental action or to compel

such action. *Gray*, 276 Va. at 101, 662 S.E.2d at 70 (citing *Hinchey v. Ogden*, 226 Va. 234, 239, 307 S.E.2d 891, 894 (1983)). In addition, "[s]overeign immunity may also bar a declaratory judgment proceeding against the Commonwealth." *Gray*, 276 Va. at 102, 662 S.E.2d at 70 (quoting *Afzall v. Commonwealth*, 273 Va. 226, 231, 639 S.E.2d 279, 282 (2007)). "Thus, the Commonwealth is immune from tort liability for the acts or omissions of its agents and employees unless an express statutory or constitutional provision waives that immunity." *Ligon v. County of Goochland*, 279 Va. 312, 316, 689 S.E.2d 666 (2010) (citing *Rector & Visitors of the Univ. of Va. v. Carter*, 267 Va. 242, 244, 591 S.E.2d 76, 78 (2004); *Patten v. Commonwealth*, 262 Va. 654, 658, 553 S.E.2d 517, 519 (2001); *Melanson v. Commonwealth*, 261 Va. 178, 181, 539 S.E.2d 433, 434 (2001)). "The same immunity principles apply to counties, which are political subdivisions of the Commonwealth." *Id.* (citing *Mann v. County Board of Arlington County*, 199 Va. 169, 174, 98 S.E.2d 515, 518 (1957); *Fry v. County of Albemarle*, 86 Va. 195, 197-98, 9 S.E. 1004, 1005 (1890)).

### 2. *Sovereign Immunity for Municipal Corporations*

Whether sovereign immunity applies to municipal corporations, including cities, depends on the type of functions the municipal corporation was exercising. *See Cunningham*, 268 Va. 624, 604 S.E.2d 420. Virginia municipal corporations are authorized to perform two types of functions, governmental and proprietary:

> Governmental functions, as the term implies, are powers and duties to be performed exclusively for the public welfare. When a municipality exercises, or fails to exercise, a governmental function, it is shielded from liability by sovereign immunity on the theory that the municipality is performing as an agency of the state. In contrast, proprietary functions are privileges and
> powers performed primarily for the benefit of the municipality and, thus, do not enjoy the shield of sovereign immunity.

*City of Va. Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499, 527 S.E.2d 778, 782 (2000). Therefore, sovereign immunity protects municipalities only from tort liability arising from the exercise of governmental

functions, not proprietary functions. *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426. And municipalities are "liable, in the same manner as an individual or a private entity, for injuries resulting from negligence in the performance of proprietary functions." *Gambrell v. City of Norfolk*, 267 Va. 353, 358, 593 S.E.2d 246, 249 (2004). But "when governmental and proprietary functions coincide, the governmental function is the overriding factor and the doctrine of sovereign immunity will shield the locality from liability." *Cunningham*, 268 Va. at 639, 604 S.E.2d at 430 (citing *Carmichael*, 259 Va. at 499, 527 S.E.2d at 782).

"A function is governmental if it entails the exercise of an entity's political, discretionary, or legislative authority." *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426. "[W]hen a municipality plans, designs, regulates or provides a service for the common good, it performs a governmental function." *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426–27 (citing *Maddox v. Commonwealth*, 267 Va. 657, 663, 594 S.E.2d 567, 570 (2004) (planning and designing a sidewalk); *Bialk v. City of Hampton*, 242 Va. 56, 59, 405 S.E.2d 619, 621 (1991) (providing emergency snow removal services); *Taylor v. City of Charlottesville*, 240 Va. 367, 371, 397 S.E.2d 832, 835 (1990) (planning, designing, and laying out of streets and roads); *Edwards v. City of Portsmouth*, 237 Va. 167, 172, 375 S.E.2d 747, 750 (1989) (providing ambulance services); *Freeman v. City of Norfolk*, 221 Va. 57, 60, 266 S.E.2d 885, 886 (1980) (regulating traffic through traffic signals); *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 1006, 254 S.E.2d 62, 64 (1979) (regulating traffic); *Fenon v. City of Norfolk*, 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962) (providing emergency cleanup services); *Ashbury v. City of Norfolk*, 152 Va. 278, 292, 147 S.E. 223, 227 (1929) (providing garbage collection services)).

A function is proprietary if it is a ministerial act and involves no discretion. *Cunningham*, 268 Va. at 634–35, 604 S.E.2d at 426–27. Such proprietary functions include the routine maintenance or operation of municipal services. *Id.* (citing *Gambrell*, 267 Va. at 357-58, 593 S.E.2d at 249; *Carter v. Chesterfield County Health Comm'n*, 259 Va. 588, 592, 527 S.E.2d 783, 785 (2000); *City of Virginia Beach v. Flippen*, 251 Va. 358, 362, 467 S.E.2d 471, 474 (1996) (maintenance of sidewalks); *City of Richmond v. Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964) (routine maintenance of existing streets); *City of Norfolk v. Hall*, 175 Va. 545, 552, 9 S.E.2d 356, 360 (1940) (faulty maintenance or street construction); *Chalkley v. City of Richmond*, 88 Va. 402, 409, 14 S.E. 339, 341 (1891) (failure to keep a sewer drain in repair and free from obstructions)). However, "[t]he distinction between a municipality's

governmental and proprietary functions is more readily stated in theory ... than applied in actual practice," and the principles for differentiating governmental and proprietary functions are easy to recite but difficult to apply. *Cunningham*, 268 Va. at 635, 604 S.E.2d at 427 (citing *Chesterfield County Health Comm'n*, 259 Va. at 592, 527 S.E.2d at 785).

### 3. *Waiver of Sovereign Immunity*

"Only the General Assembly can determine as a matter of policy whether the Commonwealth's sovereign immunity should be abrogated with regard to a particular type of legal action." *Ligon*, 279 Va. at 317, 689 S.E.2d at 668–69 (citing *Afzall*, 273 Va. at 230, 639 S.E.2d at 281; *Commonwealth v. Luzik*, 259 Va. 198, 206, 524 S.E.2d 871, 876 (2000)). The Virginia Tort Claims Act ("VTCA"), Va. Code § 8.01-195.1 et seq., creates a limited waiver of the Commonwealth's sovereign immunity for claims of "damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment. . . ." Va. Code Ann. § 8.01-195.3; *accord Carter*, 267 Va. at 244, 591 S.E.2d at 78; *Commonwealth v. Coolidge*, 237 Va. 621, 623, 379 S.E.2d 338, 340 (1989). However, the VTCA does not waive, "remove, or in any way diminish the sovereign immunity of any county, city, or town in the Commonwealth." Va. Code Ann. § 8.01-195.3. And it expressly preserves "the individual immunity of judges, the Attorney General, attorneys for the Commonwealth, and other public officers, their agents and employees from tort claims for damages ... to the extent and degree that such persons presently are immunized." *Id.* Consequently, the VTCA does not apply to and sovereign immunity has not been waived for the defendants in the instant case.

### 4. *Sovereign Immunity for Government Employees*

Sovereign immunity is not limited to suits against the Commonwealth and its subdivisions and agencies:

> the purposes of the doctrine of sovereign immunity cannot be achieved by affording protection solely to the sovereign itself, because the Commonwealth can act only through its individual employees. If every government employee were subject to suit, the Commonwealth would be as hampered in its operations as if it were the actual subject of the suit. Thus,

high-level governmental officials generally have been afforded absolute immunity.

*Alliance to Save the Mattaponi v. Commonwealth Dep't of Envtl. Quality, ex rel. State Water Control Bd.*, 270 Va. 423, 455, 621 S.E.2d 78, 96 (2005); *accord Messina*, 228 Va. at 308–09, 321 S.E.2d at 660–61. While the Commonwealth, its political subdivisions, and high-level governmental officials have absolute immunity unless it is waived, other government employees and officials have qualified immunity depending on the function they perform and the manner of performance. *Id.; James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). Government employees are not entitled to immunity when they engage in gross or willful and wanton negligence, and neither are they entitled to immunity when they act beyond the scope of their employment, exceeding their authority and discretion. *James*, 221 Va. at 53, 282 S.E.2d at 869. Therefore, government employees are, at most, entitled to the protection of sovereign immunity for acts of simple negligence. *Id.*

To determine whether a government employee is entitled to the protection of sovereign immunity, the Court must determine (1) whether the governmental entity qualifies for sovereign immunity, and (2) whether the particular employee qualifies to share in that protection. *Messina*, 228 Va. at 313–14, 321 S.E.2d at 664. If the employee is a high-level governmental official, he is absolutely immune while acting in his official capacity and no other factors need to be considered. *Messina*, 228 Va. at 309, 321 S.E.2d at 661. If the employee is not a high-level official, "no single all-inclusive rule can be enunciated or applied in determining entitlement to sovereign immunity." *James*, 221 Va. at 53, 282 S.E.2d at 869. Instead, the Supreme Court has established four factors that must be considered to determine whether an individual government employee is entitled to the protection of sovereign immunity:

1. The nature of the function performed by the employee;
2. The extent of the state's interest and involvement in the function;

3. The degree of control and direction exercised by the state over the employee; and

4. Whether the act complained of involved the use of judgment and discretion.

*Messina*, 228 Va. at 313, 321 S.E.2d at 663 (citing *James*, 221 Va. at 53, 282 S.E.2d at 869).

## B. *The Application of Sovereign Immunity in this Case*

In applying the law of sovereign immunity to the instant case, this Court first must determine whether the City of Danville is entitled to sovereign immunity for the operation of its police department. If the City of Danville is entitled to sovereign immunity, the Court must then determine whether that immunity also shields Defendant Rossman.

### 1. *Sovereign Immunity for Defendant City of Danville*

A municipal corporation acts in its governmental capacity in maintaining a police force. *Niese*, 264 Va. at 239, 564 S.E.2d at 132. Likewise, the enforcement of traffic laws by the police and the maintenance of a city jail are governmental functions. *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991); *Franklin v. Richlands*, 161 Va. 156, 158, 170 S.E. 718, 719 (1933). Indeed, it is axiomatic that that enforcement of the Commonwealth's criminal laws is a governmental function of the sovereign. *See LaPrade v. Hopkins*, 47 Va. Cir. 332, 332 (1998). And when such enforcement involves the use of judgment and discretion on the part of a government agent, that agent is entitled to the protection of sovereign immunity. *See id.* "Accordingly, a municipality is immune from liability for a police officer's negligence in the performance of his duties as a police officer." *Niese*, 264 Va. at 239, 564 S.E.2d at 132. Consequently, the Court finds that the first step of the analysis is satisfied, and the City of Danville has sovereign immunity for the acts of its police officers in performing arrests and transporting the arrestees to the police department or the jail.

## 2. Sovereign Immunity for Defendant Rossman

Having determined that the City of Danville has sovereign immunity, the Court now turns to the question of whether this immunity extends to shield Defendant Rossman. Whether an individual police officer has immunity depends on the four factors discussed in *Messina* and *James*, including the particular function that the officer was performing that gave rise to the tort claim. *Messina,* 228 Va. at 313, 321 S.E.2d at 663 (citing *James*, 221 Va. at 53, 282 S.E.2d at 869). While each case must be evaluated on its own facts, the Supreme Court has decided a number of cases that outline the contours of Virginia law related to the use of government vehicles in the performance of governmental functions.

In *Colby*, a police officer was involved in an accident when he ran a stoplight while engaged in a vehicular pursuit of a fleeing suspect. The Supreme Court distinguished the pursuit of a fleeing suspect from driving in routine traffic. The court held that the initial decision to undertake a pursuit and the split-second decisions required while conducting the pursuit require the officer to exercise discretion and "make difficult judgments about the best means of effectuating the governmental purpose by embracing special risks in an emergency situation." *Colby*, 241 Va. 125, 129, 400 S.E.2d 184, 187; *see also Nationwide Mut. Ins. Co. v. Hylton*, 260 Va. 56, 64–65, 530 S.E.2d 421, 425 (2000) (holding that sovereign immunity shields a police officer who exercises discretion in deciding to apprehend a traffic violator even before commencing pursuit); *National R.R. Passenger Corp. v. Catlett Volunteer Fire Co.*, 241 Va. 402, 404 S.E.2d 216 (1991) (holding that sovereign immunity shields a fireman who violates traffic laws while responding to an emergency). *But see Friday-Spivey v. Collier*, 268 Va. 384, 601 S.E.2d 591 (2004) (holding that a fireman is not entitled to sovereign immunity when responding to a non-emergency, public service call).

In *Heider v. Clemons*, 241 Va. 143, 400 S.E.2d 190 (1991), a deputy sheriff returned to his car after delivering service of process, and as he pulled out into the street, he hit another vehicle. The court held that "[t]he defense of sovereign immunity applies only to acts of judgment and discretion which are necessary to the performance of the governmental function itself." *Heider*, 241 Va. at 145, 400 S.E.2d at 191. Citing *Colby*, the court noted that the operation of an automobile may require judgment and discretion, but under the facts of *Heider*, the deputy sheriff was engaged in an ordinary driving situation, and his conduct was ministerial. *Id.* Consequently, such ministerial operation of an automobile does not

entitle the operator to the protection of sovereign immunity under the *James* test. *Id.*

In *Stanfield v. Peregoy*, 245 Va. 339, 429 S.E.2d 11 (1993), a city employee collided with another vehicle while using a combination snow plow/salt truck to spread salt on the streets during a snow emergency. The employee had to complete special training to operate the equipment, and he had to use discretion to determine whether a particular street needed to be salted, plowed, or both, and whether to salt the entire street or only a portion, and how much salt to spread. *Id.* The court held that such activity required the use of judgment and discretion and that the defendant was entitled to sovereign immunity. However, the court noted that it might have been a ministerial act if the accident had occurred while the defendant was driving to the area he was assigned to plow and salt or while he was returning to his department's headquarters after completing the plowing and salting. *Stanfield*, 245 Va. at 344, 429 S.E.2d at 13–14 (citing *Heider*, 241 Va. at 145, 400 S.E.2d at 191; *Colby*, 241 Va. at 129, 400 S.E.2d at 187).

As these cases illustrate, when a government agent is using a motor vehicle to perform a government function, he is only entitled to the protection of sovereign immunity if his use of the vehicle requires judgment and discretion. The "simple operation" of a vehicle "in routine traffic," such as responding to a non-emergency call or returning to headquarters after completing a government function, constitutes a ministerial act that does not involve the judgment and discretion necessary to satisfy the fourth factor of the *James* test. When a police officer arrests an individual and transports him to jail, the officer must exercise substantial judgment and discretion. During transit, the officer must exercise her discretion, be aware of her surroundings, be on guard for any unusual or threatening behavior by the detainee, and take into consideration her own safety as well as the safety of the detainee and the public. *See LaPrade*, 47 Va. Cir. at 333. In the instant case, Defendant Rossman had arrested the plaintiff and was transporting him to jail at the time of the incident giving rise to this suit. This activity required her to exercise substantial judgment and discretion and satisfies the four factors of the *James* test. *Messina*, 228 Va. at 313, 321 S.E.2d at 663 (citing *James*, 221 Va. at 53, 282 S.E.2d at 869). Consequently, Defendant Rossman is shielded by sovereign immunity from claims of simple negligence.

*III. Conclusion*

Therefore, the Court grants the defendants' Plea in Bar of Sovereign Immunity.